■ REBECCA MIKEL, as Executrix of ALEX MIKEL, Deceased, Respondent, v FLATBUSH GENERAL HOSPITAL, Appellant.—In an action to recover damages for personal injuries and wrongful death, defendant appeals from a judgment of the Supreme Court, Kings County, entered October 24, 1974, in favor of plaintiff, upon a jury verdict. Judgment reversed, on the law and the facts, and new trial granted, with costs to abide the event. Plaintiff's testator was scalded in a shower-bath while he was hospitalized in the defendant hospital for a chronic prostate condition. He subsequently contracted pneumonia during the course of treatment for the burns and died 70 days after the scalding. The decedent was 70 years of age, a working butcher, and in generally good health prior to the scalding. In some unexplained way, the decedent received second and possibly third degree burns over 40% of his body while showering one morning. No one witnessed the incident, but nurses came to the decedent's rescue when they heard him shouting in the shower. Only one of those nurses testified at trial, but she had arrived at the scene after the decedent had been removed from the shower tub and while he was on his way back to his room. The decedent's treating physician testified that he had an independent recollection that the decedent had told him how the accident occurred. An objection to testimony by the physician as to how the accident occurred was sustained on the basis of the dead man's statute (CPLR 4519). Through expert witnesses and the hospital's boiler attendant, it was established that the State Hospital Code (10 NYCRR 702.1, 711.2) and the Administrative Code of the City of New York (ch 26, RS-16, § P114.10) required that hospitals not heat water for use in showers beyond 110 degrees Fahrenheit, but that defendant's boiler heated shower water to 130 degrees Fahrenheit. Plaintiff's expert engineering witness testified that water of 130 degrees was sufficiently hot to inflict the injuries decedent sustained. The treating physician said the burns could have resulted from water heated somewhere between 120 and 200 degrees. Plaintiff invoked the doctrine of *res ipsa loquitur.* The trial court agreed and instructed the jury that if it found that the defendant had control and possession of the instrumentality causing the injury, it could infer that defendant was negligent. We find no error in the trial court's instruction on *res ipsa loquitur.* Considering the combined effects of the shifted burden of proof of contributory negligence in death cases (EPTL 5-4.2), the lesser burden of proof of negligence in death cases (see *Noseworthy v City of New York,* 298 NY 76), and the flexibility of the requirement of exclusive possession and control *(Corcoran v Banner Super Market,* 19 NY2d 425), there was enough evidence of control and possession to allow invocation of the *res ipsa loquitur* doctrine. Likewise, there is no merit in defendant's contention that there was no proof that violation of the State Hospital Code and the Administrative Code of the City of New York was not the proximate producing cause of the injuries. Since the hospital did not establish contributory negligence, the jury had sufficient evidence to find that the violation of the codes, and not some intervening act of the decedent, was responsible for the injuries. However, the trial court erred in excluding the decedent's

purported admission to the physician that the accident occurred when he slipped and fell, accidentally turning off the cold water. The hospital records do not indicate that the doctor was told this by the decedent; but if the doctor testifies that he was personally told this by the decedent, he should be able to so testify, his credibility then becoming a question for the jury. The hospital records reflect that *someone* gave such an account to another physician. That purported admission is not admissible. It does not qualify as part of a business record as it does not pertain to diagnosis or treatment. It does not qualify as an admission unless the physician who recorded it were to testify that it was the decedent's statement (Richardson, Evidence [Prince, 10th ed], §§ 301, 302). The trial court also instructed the jury in a manner so ambiguous as to require a reversal. It stated that "with respect to the Public Health Law, if you find that the defendant violated the statute and if such violation was a proximate cause of the injury to the plaintiff, then you *must* find that the defendant was negligent" (emphasis supplied). An exception was taken to this statement. The only applicable section of the Public Health Law is an enabling statute which permits the State to make and enforce regulations; and violation of that statute is not involved in this case. The trial court was apparently referring to violation of the water heating provisions of the State Hospital Code, to which it had referred only moments before, rather than to the Public Health Law. A finding of a violation of the code is only some evidence of negligence; it does not mandate a finding of negligence as, under certain circumstances, does violation of a statute. Since the charge could not reasonably have meant what it said, and since an improper interpretation by the jury was highly likely, the charge was improper. The challenge to the amount of the verdict is academic in view of the reversal. The defendant's remaining contentions lack merit. Rabin, Acting P. J., Hopkins, Brennan and Shapiro, JJ., concur; Martuscello, J., concurs in the result, but is of the view that the known circumstantial evidence with regard to the happening of the decedent's accident was insufficient to warrant a charge of *res ipsa loquitur* (see *Manley v New York Tel. Co.*, 303 NY 18, 25; *Feblot v New York Times Co.*, 32 NY2d 486).