PETER SIEGEL, Respondent, v RRG FORT GREENE, INC., et al., Respondents-Appellants, and JLS INDUSTRIES, INC., et al., Respondents. JLS INDUSTRIES, INC., Third-Party Plaintiff-Respondent, v H&L ELECTRIC, INC., Third-Party Defendant-Appellant-Respondent. [891 NYS2d 398]—

Plaintiff made a prima facie showing of liability under section 240 (1) by his testimony that the ladder tipped, causing him and the ladder to fall (*see Panek v County of Albany*, 99 NY2d 452, 458 [2003]). In opposition, defendants and H&L failed to raise an issue of fact whether plaintiff's negligence was the sole proximate cause of the accident. Contrary to H&L's contention, plaintiff was not required to show that the ladder was somehow defective (*see McCarthy v Turner Constr., Inc.*, 52 AD3d 333, 333-334 [2008]).

As there is no evidence that Atlantic Center, the owner of the mall where plaintiff's accident occurred, created or had notice of the alleged defective condition on the floor, Atlantic Center is

entitled to summary judgment on its cross claim for contractual indemnification against H&L. However, an issue of fact exists whether JLS, the general contractor, created the alleged defective condition by failing to properly cover the expansion joint on the floor. Accordingly, JLS is not entitled to summary judgment on its third-party action against H&L (*see Callan v Structure Tone, Inc.*, 52 AD3d 334, 335-336 [2008]). JLS failed to preserve its contention that the accident report is inadmissible, and we decline to review it. Contrary to JLS's contention, the photographs depicting the hole on the floor, together with plaintiff's testimony that the photographs accurately depict the floor after his accident, raised issues of fact whether a defective condition existed on the floor and whether that condition proximately caused plaintiff's accident.

To the extent the motion court denied Atlantic Center's cross motion for summary judgment on its claim for contractual indemnification as against JLS, the motion should have been granted. JLS does not dispute that Atlantic Center is entitled to indemnification pursuant to the terms of the parties' contract. Concur—Andrias, J.P., Friedman, Acosta, DeGrasse and Román, JJ.