■ MONICA HARRISON et al., Appellants, v V.R.H. CONSTRUCTION CORP. et al., Respondents. [901 NYS2d 590]—

Order, Supreme Court, New York County (Paul G. Feinman, J.), entered July 13, 2009, which granted defendants' motion for summary judgment dismissing the complaint and denied plaintiffs' cross motion for summary judgment on the issue of liability under Labor Law § 240 (1), unanimously modified, on the law, to deny so much of defendants' motion as sought to dismiss the Labor Law § 240 (1) claim and to grant plaintiffs' cross motion, and otherwise affirmed, without costs.

By her uncontroverted testimony that the ladder upon which she was working inexplicably "tilted" and caused her to fall, plaintiff Harrison established prima facie defendants' liability under Labor Law § 240 (1) (see Siegel v RRG Fort Greene, Inc., 68 AD3d 675, 675 [2009]; Greenidge v Anchor Constr., 303 AD2d

179 [2003]). In opposition, defendants failed to raise an issue of fact whether plaintiff was the sole cause of the accident (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 289 n 8 [2003]).

Plaintiff contends that defendants created or had notice of a trench that extended across the floor near the spot where she set up her ladder, and points to two post-accident incident reports that suggest that her ladder moved into the trench, causing her to fall. These accident reports not only are hearsay but also are directly contradicted by plaintiff's own testimony that the legs of the ladder did not move into the trench, and therefore do not suffice to raise an issue of fact whether defendants failed to provide a safe place to work, in violation of Labor Law § 200 (*see Londner v Big V Supermarkets*, 309 AD2d 1122, 1123 [2003]).

There is no evidence in the record that defendants violated any of the Industrial Code provisions upon which plaintiff predicated her Labor Law § 241 (6) claim (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501-502 [1993]). Concur—Gonzalez, P.J., Saxe, Nardelli, McGuire and Moskowitz, JJ. **[Prior Case History: 24 Misc 3d 1220(A), 2009 NY Slip Op 51533(U).]**