■ JOHN HAMILL et al., Appellants-Respondents, v MUTUAL OF AMERICA INVESTMENT CORPORATION, Respondent-Appellant and Third-Party Plaintiff. JONES LANG LASALLE, Third-Party Defendant-Respondent. [913 NYS2d 62]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered January 11, 2010, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion for summary judgment on the Labor Law § 240 (1) cause of action and granted so much of defendant's cross motion for summary judgment as sought to dismiss that cause of action, sub silentio denied so much of the cross motion as sought summary judgment dismissing the Labor Law § 241 (6) and § 200 and common-law negligence causes of action, and denied so much of the cross motion as sought summary judgment on the third-party complaint for contractual indemnification, unanimously modified, on the law, to deny so much of the cross motion as sought to dismiss the Labor Law § 240 (1) cause of action and to grant so much of the cross motion as sought summary judgment dismissing the Labor Law § 241 (6) and § 200 and common-law negligence causes of action, and otherwise affirmed, without costs.

Plaintiff John Hamill was injured while working as a building engineer employed by third-party defendant Jones Lang LaSalle Americas in a commercial building owned by defendant Mutual of America. The accident occurred while plaintiff was standing on a ladder replacing acoustic ceiling tiles.

Plaintiff established prima facie his entitlement to summary judgment on the Labor Law § 240 (1) cause of action through his own testimony that he fell to the ground when the ladder on which was standing to perform his work shifted and fell (*Hart v Turner Constr. Co.*, 30 AD3d 213 [2006]; *Siegel v RRG Fort*

*Greene, Inc.*, 68 AD3d 675, 675 [2009]). He was not required to offer proof that the ladder was defective (*Orellano v 29 E. 37th St. Realty Corp.*, 292 AD2d 289, 290-291 [2002]).

In opposition, and in support of its cross motion, defendant contended that plaintiff was not engaged in repair work, or any other type of work covered by Labor Law § 240 (1), at the time of the accident, but was engaged in mere routine maintenance, which is not covered (*see Esposito v New York City Indus. Dev. Agency*, 1 NY3d 526 [2003]; *Santiago v Fred-Doug 117, L.L.C.*, 68 AD3d 555 [2009]). Defendant relied on testimony by a Jones Lang executive that plaintiff was simply replacing 3 to 12 water-stained tiles with acoustic tiles that are kept in stock, which is routine maintenance (*see Cullen v Uptown Stor. Co.*, 268 AD2d 327 [2000]). Plaintiff, however, described the project as involving the replacement of a large portion of the drop ceiling, which had been badly damaged by leaks, including parts of the tracking system that had been rusted. Work such as plaintiff described may constitute a repair of a building or system, within the ambit of section 240 (1) (*see Turisse v Dominick Milone, Inc.*, 262 AD2d 305 [1999]), even if it was not part of a larger renovation project (*see e.g. Collins v West 13th St. Owners Corp.*, 63 AD3d 621 [2009]). The differing versions of the facts preclude a determination, as a matter of law, whether plaintiff was engaged in repair work or routine maintenance when he was injured.

Defendant also contended that plaintiff's conduct was the sole proximate cause of the accident (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280 [2003]). Defendant relied on plaintiff's testimony that the ladder appeared to be in good condition, and submitted the testimony of one witness who stated that plaintiff told him he fell because he missed a step while descending the ladder, and another who saw the ladder standing erect after plaintiff fell. The conflict between these witnesses' testimony and plaintiff's testimony that the ladder itself shifted and fell presents a triable issue of fact whether plaintiff's injury was attributable to defendant's failure to provide adequate protective devices or was caused solely by plaintiff's own conduct (*see Petrocelli v Tishman Constr. Co.*, 19 AD3d 145, 145 [2005]).

Defendant established prima facie its entitlement to summary judgment dismissing the Labor Law § 241 (6) and § 200 and common-law negligence causes of action, and plaintiffs did not oppose those portions of defendant's cross motion.

With respect to the third-party complaint for contractual indemnification, defendant failed to submit any evidence of a

"wrongful act or gross negligence" on the part of Jones Lang, which is required to trigger the contractual indemnification provision (*see Gomez v Sharon Baptist Bd. of Directors, Inc.*, 55 AD3d 446 [2008]). Concur—Tom, J.P., Andrias, Sweeny, De-Grasse and Román, JJ.