# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

314

CA 10-02134

PRESENT: SMITH, J.P., FAHEY, CARNI, LINDLEY, AND GORSKI, JJ.

DANIEL E. OZIMEK AND NANCY J. OZIMEK,
PLAINTIFFS-RESPONDENTS-APPELLANTS,

V                                    MEMORANDUM AND ORDER

HOLIDAY VALLEY, INC., WIN-SUM SKI CORP., AND
SODEXHO, INC., DEFENDANTS-APPELLANTS-RESPONDENTS.

DAMON MOREY LLP, BUFFALO (STEVEN M. ZWEIG OF COUNSEL), FOR
DEFENDANTS-APPELLANTS-RESPONDENTS HOLIDAY VALLEY, INC. AND WIN-SUM SKI
CORP.

AHMUTY, DEMERS & MCMANUS, ALBERTSON (ERIN D. ROACH OF COUNSEL), FOR
DEFENDANT-APPELLANT-RESPONDENT SODEXHO, INC.

FESSENDEN, LAUMER & DEANGELO, JAMESTOWN (J. KEVIN LAUMER OF COUNSEL),
FOR PLAINTIFFS-RESPONDENTS-APPELLANTS.

---------------------------------------------------------------------------------------------------------

Appeals and cross appeal from an order of the Supreme Court, Chautauqua County (James H. Dillon, J.), entered January 6, 2010 in a personal injury action. The order granted in part the motions of defendants for summary judgment by dismissing plaintiffs' Labor Law § 241 (6) cause of action and denied the cross motion of plaintiffs for partial summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting that part of the motion of defendant Sodexho, Inc. seeking summary judgment dismissing the Labor Law § 200 and common-law negligence claims against it and dismissing those claims against it and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this Labor Law and common-law negligence action seeking damages for injuries allegedly sustained by Daniel E. Ozimek (plaintiff) when he fell from a ladder while working on a commercial freezer at a ski resort owned and operated by Holiday Valley, Inc. and Win-Sum Ski Corp. (collectively, Win-Sum defendants). The freezer was operated by defendant Sodexho, Inc. (Sodexho). Plaintiffs asserted, inter alia, claims for violations of Labor Law §§ 200, 240 (1) and § 241 (6) and common-law negligence. The Win-Sum defendants and Sodexho filed separate motions for summary judgment dismissing the amended complaint against them and for summary judgment on their respective cross claims for indemnification. Plaintiffs cross-moved for partial summary judgment on liability with respect to

the Labor Law § 240 (1) claim.  Supreme Court granted those parts of the motions of the Win-Sum defendants and Sodexho for summary judgment dismissing the Labor Law § 241 (6) claim against them and denied plaintiffs' cross motion.

With respect to the appeals of the Win-Sum defendants and Sodexho and plaintiffs' cross appeal, we conclude that Supreme Court properly denied the motions and cross motion with respect to the Labor Law § 240 (1) claim.  Initially, we agree with plaintiffs that they met their initial burden on the cross motion of establishing that plaintiff was engaged in repair work that is covered under the statute.  As defendants correctly note, "[i]t is well settled that the statute does not apply to routine maintenance in a non-construction, non-renovation context" (*Koch v E.C.H. Holding Corp.*, 248 AD2d 510, 511, *lv denied* 92 NY2d 811; *see Jehle v Adams Hotel Assoc.*, 264 AD2d 354, 355; *Howe v 1660 Grand Is. Blvd.*, 209 AD2d 934, *lv denied* 85 NY2d 803).  "Where a person is investigating a malfunction, however, efforts in furtherance of that investigation are protected activities under Labor Law § 240 (1)" (*Short v Durez Div.-Hooker Chems. & Plastic Corp.*, 280 AD2d 972, 973; *see Craft v Clark Trading Corp.*, 257 AD2d 886, 887).  "Here, plaintiff was injured while 'troubleshooting' an uncommon [freezer] malfunction, which is a protected activity under [the statute]" (*Pieri v B&B Welch Assoc.*, 74 AD3d 1727, 1729), and "no viable issue has arisen challenging the characterization of plaintiff's work" (*Craft*, 257 AD2d at 887).

We further conclude, however, that defendants raised a triable issue of fact whether plaintiff's actions were the sole proximate cause of his injuries.  Plaintiffs submitted, inter alia, the deposition testimony of plaintiff, who testified that he fell to the ground when the ladder on which he was standing slid out from under him, thereby establishing that the ladder failed to provide "proper protection" pursuant to Labor Law § 240 (1) (*see Dowling v McCloskey Community Services Corp.*, 45 AD3d 1232, 1233; *Blair v Cristani*, 296 AD2d 471).  Defendants, however, raised a triable issue of fact by submitting the affidavit of a witness who averred that plaintiff admitted that "he fell because he missed [the ladder] while descending [from the area in which he was working] and [that the witness] saw the ladder standing erect after plaintiff fell" (*Hamill v Mutual of Am. Inv. Corp.*, 79 AD3d 478, 479; *see Antenucci v Three Dogs, LLC*, 41 AD3d 205; *Arigo v Spencer*, 39 AD3d 1143, 1144-1145; *Anderson v Schul/Mar Constr. Corp.*, 212 AD2d 493).

We agree with Sodexho on its appeal that the court erred in denying those parts of its motion for summary judgment dismissing the Labor Law § 200 and common-law negligence claims against it, and we therefore modify the order accordingly.  It is well settled that, unlike other sections of the Labor Law, "section 200 is a codification of the common-law duty imposed upon an owner or general contractor to maintain a safe construction site" (*Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352; *see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877).  Thus, where, as here, "a plaintiff's injuries stem not from the manner in which the work was being performed[] but, rather, from a dangerous condition on the premises, [an owner or]

general contractor may be liable in common-law negligence and under Labor Law § 200 if it has control over the work site and actual or constructive notice of the dangerous condition" (*Keating v Nanuet Bd. of Educ.*, 40 AD3d 706, 708; *see Lane v Fratello Constr. Co.*, 52 AD3d 575). Defendants, as the parties seeking summary judgment dismissing those claims, were required to "establish as a matter of law that they did not exercise any supervisory control over the general condition of the premises or that they neither created nor had actual or constructive notice of the dangerous condition on the premises" (*Perry v City of Syracuse Indus. Dev. Agency*, 283 AD2d 1017, 1017; *see generally Hennard v Boyce*, 6 AD3d 1132, 1133). Sodexho met its initial burden by establishing that it did not control the premises upon which the accident occurred, and plaintiffs failed to raise a triable issue of fact with respect to Sodexho's alleged control (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

We further conclude, however, that the court properly denied those parts of the motion of the Win-Sum defendants for summary judgment dismissing the Labor Law § 200 and common-law negligence claims against them. It is undisputed that the Win-Sum defendants controlled the premises upon which the accident occurred, and they "failed to meet their burden of establishing in support of their motion that they had no constructive notice of the condition, i.e., they failed to establish as a matter of law that the condition was not visible and apparent or that it had not existed for a sufficient length of time before the accident to permit [the Win-Sum] defendants or their employees to discover and remedy it" (*Finger v Cortese*, 28 AD3d 1089, 1091; *see generally Merrill v Falleti Motors, Inc.*, 8 AD3d 1055; *cf. Gilbert v Evangelical Lutheran Church in Am.*, 43 AD3d 1287, 1288, *lv denied* 9 NY3d 815).

We have considered the remaining contentions of the parties and conclude that they are without merit.

Entered:  April 1, 2011                    Patricia L. Morgan
                                           Clerk of the Court