■ JAN KREJBICH, Respondent, v SCHIMENTI CONSTRUCTION COMPANY, INC., et al., Appellants. [942 NYS2d 538]—

Order, Supreme Court, New York County (Doris Ling-Cohan, J.), entered October 12, 2011, which granted plaintiff's motion for summary judgment on the issue of liability on his cause of action under Labor Law § 240 (1), unanimously affirmed, without costs.

Plaintiff established his entitlement to judgment as a matter of law. Plaintiff testified that while he was installing wooden siding to a shed, the A-frame ladder he was standing upon tipped over, causing him to fall to the ground and sustain injury. Plaintiff's version of events was corroborated by his coworker. Accordingly, a violation of section 240 (1) was established (*see Harrison v V.R.H. Constr. Corp.*, 72 AD3d 547 [2010]; *Thompson v St. Charles Condominiums*, 303 AD2d 152, 154 [2003], *lv dismissed* 100 NY2d 556 [2003]).

In opposition, defendants failed to raise a triable issue of fact. The defendants failed to put forth any evidence of record that establishes that plaintiff was the sole proximate cause of his injuries. Moreover, conflicting accounts as to the positioning of the ladder *after* the accident and the color of the ladder that plaintiff was using do not create an issue of fact as to proximate

cause (*see e.g. Vergara v SS 133 W. 21, LLC*, 21 AD3d 279, 280 [2005]).

We have considered defendants' remaining contentions, including that the height from which plaintiff fell was de minimis, and find them unavailing. Concur—Andrias, J.P., Saxe, Catterson, Renwick and Román, JJ.