■ CELENE BETANCUR, Plaintiff, v LINCOLN CENTER FOR THE PERFORMING ARTS, INC., et al., Appellants/Third-Party Plaintiffs-Appellants/Second Third-Party Plaintiffs-Appellants, and JDP MECHANICAL, INC., Respondent/Second Third-Party Defendant-Respondent. STAR-DELTA ELECTRIC, LLC, Third-Party Defendant-Respondent. (And a Third Third-Party Action.) [956 NYS2d 7]—

Plaintiff testified that the ladder she stood on inexplicably wobbled beneath her, causing her to fall and be injured, and there is no evidence in the record from which it could reasonably be inferred that she was the sole proximate cause of her injuries (*see Harrison v V.R.H. Constr. Corp.*, 72 AD3d 547 [1st Dept 2010]).

The record does not support a finding that JDP was a statutory agent for purposes of Labor Law § 240 (1) (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 292-293 [2003]). JDP's contract with Lincoln Center Development Project Inc. (Development) limited its responsibilities and potential liability to the work it was hired to perform and/or oversee, which did not include plaintiff's work; plaintiff's work was performed under a separate contract between Development and IBC. Nor is there evidence that JDP controlled the means and methods of plaintiff's work or that it assumed overall authority to correct unsafe work conditions at the project site. However, there is evidence that the temporary flooring on which the ladder rested was a "floating system" and therefore could move, and that JDP was responsible, in part, for selecting the materials for the flooring. Since factual issues exist whether the temporary flooring contributed to plaintiff's accident and whether JDP was negligent in selecting the materials for the flooring, the cause of action for common-law negligence and the cross claims for indemnification and contribution should not be dismissed as against JDP. There is also evidence that Development approved the installation of the flooring. Thus, Lincoln Center and the City are entitled to conditional summary judgment on their contractual indemnification claim against JDP.

Star-Delta is not contractually obligated to indemnify Lincoln Center and the City for claims arising out of any negligence on its part. While Star-Delta's subcontract with IBC incorporates the "General Conditions" of IBC's contract with Development, which include an indemnification provision, it does not contain an express agreement by Star-Delta to indemnify Lincoln Center and the City (*see Bussanich v 310 E. 55th St. Tenants*, 282 AD2d 243 [1st Dept 2001]). Concur—Gonzalez, P.J., Sweeny, Richter,

Román and Clark, JJ. 