# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1162**
**CA 12-00739**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

SUMMER KIN, CLAIMANT-APPELLANT-RESPONDENT,

V                                          MEMORANDUM AND ORDER

STATE OF NEW YORK, DEFENDANT-RESPONDENT-APPELLANT.
(CLAIM NO. 115651.)

---

THE ROTHSCHILD LAW FIRM, P.C., EAST SYRACUSE (MARTIN J. ROTHSCHILD OF COUNSEL), FOR CLAIMANT-APPELLANT-RESPONDENT.

LAW OFFICES OF THERESA J. PULEO, SYRACUSE (P. DAVID TWICHELL OF COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT.

---

Appeal and cross appeal from an order of the Court of Claims (Nicholas V. Midey, Jr., J.), entered February 3, 2012 in a personal injury action. The order denied claimant's motion for partial summary judgment and granted in part and denied in part defendant's cross motion for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting claimant's motion seeking partial summary judgment on liability with respect to the Labor Law § 240 (1) cause of action and granting that part of defendant's cross motion seeking summary judgment dismissing the Labor Law § 241 (6) claim, and as modified the order is affirmed without costs.

Memorandum: Claimant commenced this action seeking damages for injuries she sustained when she fell from a ladder while working on a bridge reconstruction project. Claimant's employer had been hired by defendant, the property owner, to repair the bridge in question. At the time of the accident, claimant was using the top half of an extension ladder that lacked rubber feet in an attempt to gain access to a scaffold that had been erected under the bridge. When claimant was four or five rungs from the top of the ladder, the bottom of the ladder slid out from beneath her, causing her to fall approximately 10 feet to the ground.

Claimant asserted causes of action for common-law negligence and violations of Labor Law §§ 200, 240 (1) and 241 (6). Following discovery, claimant moved for partial summary judgment on liability with respect to her section 240 (1) cause of action, and defendant cross-moved for summary judgment dismissing the claim in its entirety. The Court of Claims denied the motion and granted that part of the cross motion for summary judgment dismissing the section 200 claim and

the common-law negligence cause of action.

With respect to claimant's appeal and that part of defendant's cross appeal concerning the section 240 (1) cause of action, we reject defendant's contention that the sole proximate cause of the accident was claimant's improper use of the top half of the extension ladder, which lacked rubber feet.  We conclude that, because there is no dispute that the ladder slipped and thereby caused claimant to fall from an elevated work site, claimant met her initial burden under Labor Law § 240 (1) of establishing that the ladder was "not so placed . . . as to give proper protection to [her]" (*Kirbis v LPCiminelli, Inc.*, 90 AD3d 1581, 1582 [internal quotation marks omitted]; *see Ozimek v Holiday Val., Inc.*, 83 AD3d 1414, 1415; *Evans v Syracuse Model Neighborhood Corp.*, 53 AD3d 1135, 1136).  Thus, the burden shifted to defendant to raise an issue of fact whether claimant's "own conduct, rather than any violation of Labor Law § 240 (1), was the sole proximate cause of [her] accident" (*Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 40), and defendant failed to meet that burden.

In order to raise an issue of fact whether claimant's own conduct was the sole proximate cause of the accident, defendant was required to establish that "the safety devices that [claimant] alleges were absent were readily available at the work site, albeit not in the immediate vicinity of the accident, and [that claimant] knew [she] was expected to use them but for no good reason chose not to do so, causing an accident" (*Gallagher v New York Post*, 14 NY3d 83, 88; *see Ganger v Anthony Cimato/ACP Partnership*, 53 AD3d 1051, 1052).  Although defendant established that ladders with rubber feet, i.e., the bottom halves of extension ladders, were available at the work site for claimant's use, defendant submitted no evidence that claimant knew that she was expected to use only those ladders.  Indeed, claimant's supervisor testified at his deposition that he never instructed claimant or any other worker that only the bottom halves of extension ladders should be used, and he further testified that, in his view, either half of an extension ladder could safely be used if "put up correctly."  In addition, claimant testified that she had previously used ladders that did not have rubber feet and that she believed that other workers had used such ladders as well.  Although claimant further testified that she realized "in retrospect" that it was inappropriate to use the top half of the extension ladder, defendant submitted no evidence that claimant knew at the time of the accident that her use of the top half of the extension ladder was unsafe.  Thus, we conclude that the court erred in denying claimant's motion for partial summary judgment on liability under Labor Law § 240 (1), and we therefore modify the order accordingly.

With respect to that part of defendant's cross appeal concerning the Labor Law § 241 (6) claim, we agree with defendant that the court should have granted that part of its cross motion for summary judgment dismissing that claim, which was based on defendant's alleged violation of two provisions of the Industrial Code.  12 NYCRR 23-1.21 (b) (4) (iv), concerning the securement of ladders from which work is being performed, is inapplicable to the facts of this case because

claimant was not performing work from a ladder; instead, she was using the ladder to gain access to the scaffold from which she intended to perform the assigned work.  Additionally, 12 NYCRR 23-1.21 (a) sets forth a general standard of care and is not sufficiently specific to support a section 241 (6) claim (*see generally Fisher v WNY Bus Parts, Inc.*, 12 AD3d 1138, 1140).  We therefore further modify the order accordingly.

Finally, we note that claimant on her appeal has abandoned any contention with respect to the court's dismissal of her common-law negligence cause of action and her Labor Law § 200 claim (*see Gowans v Otis Marshall Farms, Inc.*, 85 AD3d 1704, 1704-1705; *Ciesinski v Town of Aurora*, 202 AD2d 984, 984).

Entered:  December 21, 2012                    Frances E. Cafarell
                                               Clerk of the Court