ROMAN ESTRELLA, Respondent, v GIT INDUSTRIES, INC., et al., Defendants, and BROADWAY 69, Appellant and Third-Party Plaintiff-Appellant. BROADWAY WOMEN'S WEAR, INC., et al., Third-Party Defendants-Respondents. [963 NYS2d 110]—

Order, Supreme Court, Bronx County (Robert E. Torres, J.), entered June 11, 2012, which, insofar as appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment on the issue of liability on his Labor Law § 240 (1) cause of action, and denied defendant Broadway 69, LLC's (Broadway) motion for summary judgment dismissing the Labor Law §§ 241 (6) and 200 and common-law negligence causes of action, unanimously modified, on the law, to the extent of dismissing the Labor Law § 200 and common-law negligence claims as against Broadway, and otherwise affirmed, without costs.

Partial summary judgment on the issue of liability on the Labor Law § 240 (1) claim was properly granted in plaintiff's favor. The record shows that while performing repairs to a ceiling, plaintiff fell when the unsecured ladder on which he was working suddenly moved (*see Hamill v Mutual of Am. Inv. Corp.*, 79 AD3d 478 [1st Dept 2010]). Plaintiff was not required to show that the ladder was defective (*see Siegel v RRG Fort Greene, Inc.*, 68 AD3d 675 [1st Dept 2009]; *Orellano v 29 E. 37th St. Realty Corp.*, 292 AD2d 289, 290-291 [1st Dept 2002]), and Broadway failed to raise a triable issue as to whether plaintiff's actions were the sole proximate cause of the accident.

The court properly denied Broadway's motion to the extent it sought dismissal of the Labor Law § 241 (6) claim against it. 12 NYCRR 23-1.21 (b) (4) (ii) requires all ladders to have firm footings, and is not limited to ladders that are at least 10-feet tall. Broadway's argument that plaintiff failed to show a violation of that provision is unavailing. Since Broadway failed to make an affirmative showing that the ladder complied with the firm-footing requirement, the sufficiency of plaintiff's opposition is

irrelevant (see *Vega v Restani Constr. Corp.*, 18 NY3d 499, 503 [2012]). Moreover, even if Broadway had met its initial burden, plaintiff raised a triable issue as to whether the lack of rubber footings constituted a violation of the Industrial Code provision, causing him to fall (see *Soodin v Fragakis*, 91 AD3d 535 [1st Dept 2012]).

Dismissal of the Labor Law § 200 and common-law negligence claims as against Broadway was proper in light of the lack of evidence that Broadway supervised or controlled plaintiff's work (see *Castellon v Reinsberg*, 82 AD3d 635 [1st Dept 2011]). Plaintiff, an independent contractor, testified that nobody directed the manner in which he performed his work. The testimony by an employee of Broadway's agent, suggesting that Broadway's superintendent supervised plaintiff and told him what work to do, did not raise a triable issue of fact (see *Foley v Consolidated Edison Co. of N.Y., Inc.*, 84 AD3d 476 [1st Dept 2011]). Concur—Mazzarelli, J.P., DeGrasse, Abdus-Salaam, Manzanet-Daniels and Clark, JJ.