■ Alberto DiCembrino et al., Appellants, v Verizon New York Inc. et al., Respondents. Verizon New York Inc. et al., Third-Party Plaintiffs-Respondents, v James F. Volpe Electric Co., Third-Party Defendant-Respondent. [52 NYS3d 350]—

Order, Supreme Court, New York County (Barbara Jaffe, J.), entered May 25, 2016, which, insofar as appealed from as limited by the briefs, denied plaintiffs' motion for partial summary judgment on the issue of liability on the Labor Law § 240 (1) claim, unanimously affirmed, without costs.

Plaintiffs did not establish their entitlement to judgment as a matter of law because their own submissions raised an issue of fact as to whether the injured plaintiff's conduct was the sole proximate cause of the accident (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 290 [2003]). At his deposition, the injured plaintiff testified that he fell because he

missed a step on the ladder as he descended from it, and he did not attribute his fall to any inadequacy of the 12-foot A-frame ladder that he was using at that time. In contrast, his affidavit stated that the accident occurred when the ladder wobbled, and his foot slipped on debris placed on a ladder rung that lacked any non-slip treads. Thus, the conflict inherent in the injured plaintiff's own account of the accident raised an issue of fact as to whether it was caused by defendants' failure to provide an adequate safety device, or solely by plaintiff's own conduct (*see Ellerbe v Port Auth. of N.Y. & N.J.*, 91 AD3d 441, 442 [1st Dept 2012]; *Hamill v Mutual of Am. Inv. Corp.*, 79 AD3d 478, 479 [1st Dept 2010]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Sweeny, J.P., Richter, Andrias, Webber and Gesmer, JJ.