■ HERIBERTO MOSQUEDA, Respondent, v ARISTON DEVELOPMENT GROUP et al., Appellants. [65 NYS3d 140]—

Order, Supreme Court, New York County (Kelly O'Neill Levy, J.), entered July 13, 2016, which, in this action for personal injuries sustained when plaintiff fell from a ladder, granted plaintiff's motion for partial summary judgment on the issue of liability on his Labor Law § 240 (1) claim, unanimously affirmed, without costs.

Defendants' contention that a description of the accident in plaintiff's medical records inconsistent with his deposition testimony presents an issue of fact regarding his credibility, is unavailing. As Supreme Court found, statements in medical records, including "acts or occurrences leading to the patient's hospitalization—such as a narration of the accident causing the injury—not germane to diagnosis or treatment" constitute inadmissible hearsay (*Williams v Alexander*, 309 NY 283, 287 [1955]). Whether the subject ladder was wooden or metal or whether plaintiff fell because it slipped or because the rung cracked is not germane to diagnosis or treatment of injuries resulting from the fall (*see Quispe v Lemle & Wolff, Inc.*, 266 AD2d 95, 96 [1st Dept 1999]; *compare Eitner v 119 W. 71st St. Owners Corp.*, 253 AD2d 641 [1st Dept 1998]). Although the height from which plaintiff fell may be germane to diagnosis or treatment, the statute was violated under either version of the accident (*DeFreitas v Penta Painting & Decorating Corp.*, 146 AD3d 573 [1st Dept 2017]; *Romanczuk v Metropolitan Ins. & Annuity Co.*, 72 AD3d 592 [1st Dept 2010]).

Moreover, the party admission exception to the hearsay rule does not apply. Any statement in the medical records allegedly attributable to plaintiff "does not qualify as an admission unless the [individual] who recorded it were to testify that it was the [plaintiff]'s statement" (*Mikel v Flatbush Gen. Hosp.*, 49 AD2d 581, 582 [2d Dept 1975]; *see Quispe* at 96; *Gunn v City of New York*, 104 AD2d 848, 849-850 [2d Dept 1984]). Here, defendants offered no evidence connecting plaintiff to the state-

ments in the medical records allegedly attributable to him and upon which they rely. Furthermore, while hearsay may be used to defeat summary judgment so long as it is not the only evidence relied on, the medical records are insufficient to defeat summary judgment here since they are the only evidence relied on by defendants on the issue (*see Ying Choy Chong v 457 W. 22nd St. Tenants Corp.*, 144 AD3d 591, 592 [1st Dept 2016]). Concur—Acosta, P.J., Tom, Webber, Gesmer and Singh, JJ.