| |
|:---:|
| **Brito v City of New York** |
| 2024 NY Slip Op 31192(U) |
| April 5, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 162008/2018 |
| Judge: Lori S. Sattler |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  PART 02M

------------------------------------------------------------------------------X

RAFAEL BRITO,

                  Plaintiff,

              - v -

CITY OF NEW YORK, CITY OF NEW YORK
DEPARTMENT OF SMALL BUSINESS SERVICES,
SOUTH STREET SEAPORT LIMITED PARTNERSHIP,
SEAPORT MANAGEMENT DEVELOPMENT COMPANY,
LLC,THE HOWARD HUGHES CORPORATION, GTL
CONSTRUCTION, LLC,

                  Defendant.

------------------------------------------------------------------------------X

GTL CONSTRUCTION, LLC

                  Plaintiff,

              -against-

JLM DECORATING, INC.

                  Defendant.

------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | <u>162008/2018</u> |
| **MOTION DATE** | <u>06/16/2023</u> |
| **MOTION SEQ. NO.** | <u>003</u> |

**DECISION + ORDER ON
MOTION**

Third-Party
Index No.  595572/2019

HON. LORI S. SATTLER:

The following e-filed documents, listed by NYSCEF document number (Motion 003) 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133

were read on this motion to/for               JUDGMENT - SUMMARY              .

      Plaintiff Rafael Brito ("Plaintiff") moves in this Labor Law action for summary judgment

as to liability on his Labor Law § 240(1) cause of action.  Defendants and third-party defendant

JLM Decorating, Inc. ("JLM") oppose the motion.

      Plaintiff was employed by JLM as a painter.  JLM had been subcontracted by defendant

GTL Construction, LLC ("GTL"), the general contractor, to provide painting services at a

construction project located at 89 South Street, Pier 17 in Manhattan.  On the night of July 31,

**162008/2018   BRITO, RAFAEL vs. CITY OF NEW YORK**
  **Motion No.  003**

**Page 1 of 5**

[* 1]

2018, Plaintiff was painting the walls and ceiling of a room on the third floor after working a double shift that began at 7:00 a.m. (NYSCEF Doc. No. 111, Plaintiff EBT at 83). Plaintiff was working alone in the room and was using an A-Frame ladder to reach the ceiling to paint it. As Plaintiff was descending from the ladder after painting around a light fixture at approximately 11:00 p.m., Plaintiff felt the ladder move and it began to fall to the right (*id*. at 90, 118-121). Plaintiff fell onto the ground with the ladder and sustained injuries.

The A-frame ladder had been set up in the room before Plaintiff began his work. At the time of his accident Plaintiff was working under the direction of JLM's foreman, Israel Martinez, who testified that he had set up the ladder from which Plaintiff later fell (NYSCEF Doc. No. 96, Martinez EBT at 56). Plaintiff testified that he had not used scaffolding during his work at the job site and that he had not seen scaffolding on the third floor prior to his accident (Plaintiff EBT at 77, 101).

Plaintiff commenced this action on December 21, 2018, asserting causes of action under Labor Law §§ 200, 240(1), and 241(6) and in negligence. He now moves for summary judgment on his § 240(1) cause of action.

On a motion for summary judgment, the moving party "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v New York Univ. Med. Center*, 64 NY2d 851, 853 [1985], citing *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (*Winegrad*, 64 NY2d at 853). Should the movant make its prima facie showing, the burden shifts to the opposing party, who must then produce admissible evidentiary proof to establish that material issues of fact exist (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "However,

**162008/2018   BRITO, RAFAEL vs. CITY OF NEW YORK**
**Motion No.  003**

**Page 2 of 5**

[* 2]

bald, conclusory assertions or speculation and '[a] shadowy semblance of an issue' are insufficient to defeat summary judgment" (*Stonehill Capital Mgt. LLC v Bank of the W.*, 28 NY3d 439, 448 [2016], quoting *S.J. Capelin Assoc. v Globe Mfg. Corp.*, 34 NY2d 338, 341 [1974]).

Labor Law § 240(1) "places a nondelegable duty on owners, contractors, and their agents to furnish safety devices giving construction workers adequate protection from elevation-related risks" (*Hill v City of New York*, 140 AD3d 568, 569 [1st Dept 2016]). "The single decisive question is whether plaintiff's injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential" (*Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 603 [2009]).

A defendant's failure to properly secure a ladder to "ensure that it remain[s] steady and erect while being used, constitutes a violation of Labor Law § 240(1)" (*Montalvo v J. Petorcelli Constr.*, Inc., 8 AD3d 173, 174 [1st Dept 2004], *quoting Kijak v 330 Madison Ave. Corp.*, 251 AD2d 152, 153 [1st Dept 1998]). A plaintiff does not need to "prove that the ladder was defective to make a prima facie showing" (*Rivera v Suydam 379 LLC*, 216 AD3d 495, 495-496 [1st Dept 2023], citing *Estrella v GIT Indus., Inc.*, 105 AD3d 555 [1st Dept 2013]). Summary judgment is properly granted where plaintiff establishes through testimony that an injury occurred due to an unsecured ladder that suddenly moved (*Fanning v Rockefeller Univ.*, 106 AD3d 484 [1st Dept 2013]). "The fact that plaintiff was the only witness to his accident does not preclude summary judgment in his favor" where "nothing in the record controverts his account of the accident or calls his credibility into question" (*Rroku v West Rac Contr. Corp.*, 164 AD3d 1176, 1177 [1st Dept 2018]).

**162008/2018   BRITO, RAFAEL vs. CITY OF NEW YORK**
  **Motion No.  003**

**Page 3 of 5**

Plaintiff sets forth a prima facie case in support of summary judgment on his Labor Law § 240(1) claim. It is undisputed that Plaintiff was working on a ladder immediately before the accident and his testimony states that that he sustained injuries from falling off a ladder that suddenly moved under him is uncontroverted (*cf. Hernandez v Bethel United Methodist Church of N.Y.*, 49 AD3d 251 [1st Dept 2008]).

Defendants and third-party defendant JLM fail to create an issue of material fact as to the cause of Plaintiff's accident and resulting injuries. The contention that Plaintiff was the sole proximate cause of his accident is without merit. Defendants and JLM fail to raise a triable issue of fact as to whether, *inter alia*, "adequate safety devices were available, that the plaintiff knew that they were available and was expected to use them, and that the plaintiff unreasonably chose not to do so" (*see Quinones v Olmstead Properties, Inc.*, 133 AD3d 87, 89 [1st Dept 2015], quoting *Nacewicz v Roman Catholic Church of the Holy Cross*, 105 AD3d 402, 402-403 [1st Dept 2013]). Plaintiff testified that he had not seen scaffolding on the third floor of before his accident (Plaintiff EBT at 101). Although GLM's supervisor on the site, Brian Lindsey, testified that painters were supposed to use baker scaffolds when painting the ceilings (NYSCEF Doc. No. 100, Lindsey aff at 158), there is no testimony from Plaintiff, his coworkers, or foreman that he was instructed to use a scaffold prior to his accident.

The argument that Plaintiff's hospital record contradicts his account of how he fell is also without merit, as the purported versions of the accident described in medical records are inadmissible hearsay (*Mosqueda v Ariston Dev. Group*, 155 AD3d 504 [1st Dept 2017). Defendants' reliance on an unsworn, uncertified expert report to assert that the ladder from which Plaintiff fell was not defective is similarly without merit (*see Spierer v Bloomingdale's*,

162008/2018  BRITO, RAFAEL vs. CITY OF NEW YORK
Motion No.  003

Page 4 of 5

4 of 5

[* 4]

43 AD3d 664, 666 [1st Dept 2007] [unsworn expert report not admissible, insufficient to oppose summary judgment]).

All other relief sought and not addressed herein is denied.

Accordingly, it is hereby:

ORDERED that the plaintiff's motion for summary judgment on the cause of action for liability under Section 240(1) of the Labor Law as against defendants is granted.

This constitutes the Decision and Order of the Court.

| **4/5/2024** | | | | |
|---|---|---|---|---|
| **DATE** | | | **LORI S. SATTLER, J.S.C.** | |

| **CHECK ONE:** | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| **APPLICATION:** | ☐ | SETTLE ORDER | | ☐ SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | ☐ | INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**162008/2018   BRITO, RAFAEL vs. CITY OF NEW YORK**                                    **Page 5 of 5**
**Motion No.  003**

[* 5]