Krause v Industry Matrix, LLC (2024 NY Slip Op 02653)

Krause v Industry Matrix, LLC

2024 NY Slip Op 02653

Decided on May 10, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, BANNISTER, GREENWOOD, AND DELCONTE, JJ.

1022 CA 23-00204

[*1]CHAD KRAUSE, PLAINTIFF-APPELLANT-RESPONDENT,
v
INDUSTRY MATRIX, LLC, DEFENDANT-RESPONDENT-APPELLANT.
INDUSTRY MATRIX, LLC, THIRD-PARTY PLAINTIFF,
v
CHRISTOPHER CROTTY, THIRD-PARTY DEFENDANT. 

MICHAEL STEINBERG, ROCHESTER, FOR PLAINTIFF-APPELLANT-RESPONDENT. 
PEIRCE & SALVATO PLLC, WHITE PLAINS (MATTHEW D. PFALZER OF COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT. 

 Appeal and cross-appeal from an order of the Supreme Court, Monroe County (Vincent M. Dinolfo, J.), entered January 18, 2023. The order denied the motion of plaintiff for partial summary judgment. 
It is hereby ORDERED that said cross-appeal is dismissed and the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries that he sustained when he fell from a ladder while performing chimney pointing work on a residential rental building owned by defendant. Plaintiff appeals from an order that denied his motion for partial summary judgment on his Labor Law § 240 (1) cause of action, and defendant cross-appeals from that part of the order that denied defendant's request to deny the motion as premature under CPLR 3212 (f).
As an initial matter, we conclude that defendant is not aggrieved by the order from which it purports to cross-appeal because, in rejecting defendant's argument that plaintiff's motion was premature, the order neither granted relief against it nor denied any motion for affirmative relief on its own behalf (see CPLR 5511; Fabrizi v 1095 Ave. of the Ams., L.L.C., 22 NY3d 658, 664 n 4 [2014]; Kavanaugh v Kavanaugh, 200 AD3d 1568, 1571 [4th Dept 2021]). Consequently, defendant's cross-appeal must be dismissed (see Fabrizi, 22 NY3d at 664; Kavanaugh, 200 AD3d at 1571).
We reject plaintiff's contention on his appeal that Supreme Court erred in denying the motion. We conclude that plaintiff met his initial burden on the motion of establishing that the ladder was "not so placed . . . as to give proper protection to [him]" through evidence that plaintiff fell when the ladder suddenly and unexpectedly shifted (Alati v Divin Bldrs., Inc., 137 AD3d 1577, 1578 [4th Dept 2016] [internal quotation marks omitted]; see Fazekas v Time Warner Cable, Inc., 132 AD3d 1401, 1403 [4th Dept 2015]; Woods v Design Ctr., LLC, 42 AD3d 876, 877 [4th Dept 2007]). The burden then shifted to defendant to raise a triable issue of fact whether plaintiff's "own conduct, rather than any violation of Labor Law § 240 (1), was the sole proximate cause of [his] accident" (Kin v State of New York, 101 AD3d 1606, 1607 [4th Dept 2012] [internal quotation marks omitted]; see generally Blake v Neighborhood Hous. Servs. [*2]of N.Y. City, 1 NY3d 280, 290 [2003]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). We conclude that defendant met that burden through evidence suggesting that plaintiff fell from the ladder because he missed a step while descending, not because the ladder shifted or otherwise failed (see Ozimek v Holiday Val., Inc., 83 AD3d 1414, 1416 [4th Dept 2011]; see also DiCembrino v Verizon N.Y. Inc., 149 AD3d 541, 541-542 [1st Dept 2017]; Hamill v Mutual of Am. Inv. Corp., 79 AD3d 478, 479 [1st Dept 2010]).
Even assuming, arguendo, that some of the evidence relied on by defendant was inadmissible hearsay (see generally Williams v Alexander, 309 NY 283, 287 [1955]; Mosqueda v Ariston Dev. Group, 155 AD3d 504, 504 [1st Dept 2017])—i.e., the uncertified hospital records containing a statement by plaintiff blaming the fall on, inter alia, missing a step—we conclude that the court properly considered such evidence in opposition to the motion because it was "not the only proof relied upon by" defendant (Biggs v Hess, 85 AD3d 1675, 1676 [4th Dept 2011] [internal quotation marks omitted]; see X-Med, Inc. v Western N.Y. Spine, Inc., 74 AD3d 1708, 1710 [4th Dept 2010]).
The principal conclusion of our dissenting colleagues that, in opposition to the motion, defendant failed to meet "a necessary element" with respect to whether plaintiff was the sole proximate cause because it did not affirmatively establish that it had provided any "safety equipment at all to plaintiff," and therefore did not show that the ladder was an adequate safety device, is not predicated on any argument advanced by plaintiff in his brief to this Court. Thus, because we do not believe that the issue addressed by the dissent is properly before us, we do not address its merits (see Misicki v Caradonna, 12 NY3d 511, 519 [2009]).
All concur except Bannister and DelConte, JJ., who dissent and vote to reverse in accordance with the following memorandum: We respectfully dissent and vote to reverse the order and grant plaintiff's motion for partial summary judgment on the issue of liability with respect to the Labor Law § 240 (1) cause of action.
Preliminarily, we agree with the majority that plaintiff met his initial burden on the motion of establishing that the ladder was "not so placed . . . as to give proper protection to [him]" through evidence that plaintiff fell when the ladder suddenly and unexpectedly shifted (Alati v Divin Bldrs., Inc., 137 AD3d 1577, 1578 [4th Dept 2016] [internal quotation marks omitted]). We respectfully disagree, however, with the majority's conclusion that defendant raised a triable issue of fact whether plaintiff's "own conduct, rather than any violation of Labor Law § 240 (1), was the sole proximate cause of [his] accident" (Kin v State of New York, 101 AD3d 1606, 1607 [4th Dept 2012] [internal quotation marks omitted]).
As this Court recently explained, where, as here, a plaintiff establishes a prima facie case that Labor Law § 240 had been violated, the burden then shifts to defendant, who may "establish a sole proximate cause defense, [by] demonstrat[ing] that the plaintiff '(1) had adequate safety devices available, (2) knew both that the safety devices were available and that [the plaintiff was] expected to use them, (3) chose for no good reason not to do so, and (4) would not have been injured had [the plaintiff] not made that choice' " (Verdugo v Fox Bldg. Group, Inc., 218 AD3d 1179, 1180 [4th Dept 2023], quoting Biaca-Neto v Boston Rd. II Hous. Dev. Fund Corp., 34 NY3d 1166, 1167-1168 [2020]).
With respect to the first element, " '[t]he sole proximate cause defense does not apply where [a] plaintiff was not provided with an adequate safety device as required by the Labor Law' " (DeRose v Bloomingdale's Inc., 120 AD3d 41, 45 [1st Dept 2014]) and, thus, "[i]n order to raise an issue of fact whether [a plaintiff's] own conduct was the sole proximate cause of the accident, [a] defendant [is first] required to establish that 'the safety devices that [the plaintiff] alleges were absent were readily available at the work site' " (Kin, 101 AD3d at 1607-1608). Here, there is no evidence—such as an expert affidavit or an admission by plaintiff—that there was equipment on site that was "adequate to allow plaintiff to safely complete his assigned task at the time of the accident" (Green v Evergreen Family Ltd. Partnership, 210 AD3d 1496, 1497 [4th Dept 2022]). Indeed, defendant concedes that it had provided no safety equipment at all to plaintiff, despite the nondelegable statutory duty to do so under Labor Law § 240 (1) (see Panek v County of Albany, 99 NY2d 452, 457 [2003]; Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 500 [1993]), and that the ladder used by plaintiff, who was working outdoors at night at the time of the accident, may have been broken. Without evidence establishing that adequate safety [*3]devices were present at the night-time work site, defendant failed to raise a triable question of fact with respect to a necessary element of the sole proximate cause defense (see Miles v Great Lakes Cheese of N.Y., Inc., 103 AD3d 1165, 1167 [4th Dept 2013]).
The cases relied upon by the majority in support of its conclusion that defendant met its burden through hearsay evidence in the medical record suggesting that plaintiff fell from the ladder because he missed a step while descending in the dark, i.e., DiCembrino v Verizon N.Y. Inc. (149 AD3d 541, 541-542 [1st Dept 2017]), Ozimek v Holiday Val., Inc. (83 AD3d 1414, 1415-1416 [4th Dept 2011]) and Hamill v Mutual of Am. Inv. Corp. (79 AD3d 478, 479 [1st Dept 2010]), are all distinguishable inasmuch as, in each of those cases, there was evidence raising a triable issue of fact whether an adequate safety device was present at the work site.
Defendant's failure to raise a triable issue of fact with respect to the first element of the sole proximate cause defense precludes, by necessity, the existence of a triable issue of fact on the second or third elements inasmuch as a defendant must first submit evidence that an adequate safety device was present at the work site before it can raise an issue of fact whether the plaintiff knew that safety device was available and that he was expected to use it, or that the plaintiff chose for no good reason not to use it (see Miles, 103 AD3d at 1167).
With respect to the fourth element of the sole proximate cause defense, our reading of the record reveals that the only evidence that plaintiff's actions may have been the cause of his fall is a single entry in the history and physical of the emergency department notes from the night of plaintiff's accident stating that he "blames the darkness and missing a step." It is well established that notations in a plaintiff's medical record that are "not germane to the plaintiff's diagnosis or treatment . . . [are] not admissible for their truth under the business records exception to the hearsay rule . . . [and] cannot . . . be the only evidence submitted to raise a triable issue of fact" (Gomez v Kitchen & Bath by Linda Burkhardt, Inc., 170 AD3d 967, 969 [2d Dept 2019]; see generally Williams v Alexander, 309 NY 283, 287-288 [1955]). Even assuming, arguendo, that there is evidence that an adequate ladder—and lighting—were present at the work site, in our view, defendant nonetheless failed to submit any non-hearsay evidence sufficient to raise a triable question of fact with respect to the fourth element of the sole proximate cause defense (see Mosqueda v Ariston Dev. Group, 155 AD3d 504, 504 [1st Dept 2017]).
Moreover, even if there was non-hearsay evidence that plaintiff mis-stepped and missed a rung while descending the ladder, defendant still does not raise a triable question of fact with respect to proximate cause. "It is well settled that [the] failure to properly secure a ladder to insure that it remains steady and erect while being used, constitutes a violation of Labor Law § 240 (1)" (Schultze v 585 W. 214th St. Owners Corp., 228 AD2d 381, 381 [1st Dept 1996]) and, here, defendant does not dispute plaintiff's allegations that defendant failed to properly erect, secure or place the ladder to prevent it from shifting. Missing a rung while descending the ladder is not an act of "such an extraordinary nature or so attenuated from the statutory violation as to constitute a cause sufficient to relieve [defendant] of liability" (Alati, 137 AD3d at 1578 [internal quotation marks omitted]).
Entered: May 10, 2024
Ann Dillon Flynn
Clerk of the Court