Duran v ERY Retail Podium LLC (2025 NY Slip Op 03246)

Duran v ERY Retail Podium LLC

2025 NY Slip Op 03246

Decided on May 29, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 29, 2025

Before: Moulton, J.P., Friedman, Scarpulla, O'Neill Levy, Michael, JJ. 

Index No. 154599/19, 596004/22|Appeal No. 4458|Case No. 2024-03983|

[*1]Luis Duran, et al., Plaintiffs-Respondents,
v
ERY Retail Podium LLC, et al., Defendants-Appellants.

ERY Retail Podium LLC, et al., Third-Party Plaintiffs-Appellants,
v
Zwicker Electric Co., Inc., Third-Party Defendant.

Cullen and Dykman LLP, New York (David T. Kuk and Michael E. Joseph of counsel), for appellants.
Kelner and Kelner, New York (Gail S. Kelner of counsel), for respondents.

Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered May 20, 2024, which, to the extent appealed from as limited by the briefs, granted plaintiffs' motion for partial summary judgment on the Labor Law § 240(1) claim and denied defendants' motion for summary judgment dismissing that claim, unanimously affirmed, without costs.
Plaintiff established prima facie entitlement to summary judgment on his Labor Law § 240(1) claim by submitting his deposition testimony that he fell from an unsecured 12—foot A-frame ladder that suddenly wobbled as he was descending it, causing him to miss a step and fall (see Rodas-Garcia v NYC United LLC, 225 AD3d 556, 556 [1st Dept 2024]). In opposition, defendants failed to raise an issue of fact. Assuming plaintiff's out-of-court statements may be considered, they are not inconsistent with plaintiff's deposition testimony and statement in his worker's compensation C-3 form that he missed a step because the ladder wobbled (see id. at 556-557; Hill v City of New York, 140 AD3d 568, 570 [1st Dept 2016]; see also Sanchez v MC 19 E. Houston LLC, 216 AD3d 443, 443-444 [1st Dept 2023]).
In contrast, in cases relied on by defendants, conflicting accounts as to how the plaintiff fell from a ladder raised genuine factual disputes over causation, that is, whether the accident resulted from a defect in safety devices or plaintiff's own conduct (cf. DiCembrino v Verizon N.Y. Inc., 149 AD3d 541, 541 [1st Dept 2017]; Hamill v Mutual of Am. Inv. Corp., 79 AD3d 478, 479 [1st Dept 2010]).
Defendants failed to show that plaintiff was a recalcitrant worker (see Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 40 [2004]). Because plaintiff's accident resulted from a violation of Labor Law § 240(1), his "own negligence does not furnish a defense" (Barreto v Metropolitan Transp. Auth., 25 NY3d 426, 433 [2015]). At most, plaintiff's failure to maintain points of contact with the ladder is comparative
negligence, which is not a defense to absolute liability under the statute (Blake v Neighborhood Hous. Servs. of N.Y. City, Inc., 1 NY3d 280, 289 [2003]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 29, 2025