■ David Shaev Profit Sharing Account, Appellant, v James E. Cayne et al., Respondents. [806 NYS2d 17]—

Order, Supreme Court, New York County (Bernard J. Fried, J.), entered July 13, 2004, which granted the motions of defendants, members of the Board of Directors of nominal defendant, The Bear Stearns Companies, Inc. (Bear Stearns), to dismiss the complaint pursuant to CPLR 3211 (a) (7) on the ground that plaintiff failed to make a presuit demand upon the board of directors to prosecute the claims asserted against defendants, unanimously affirmed, with costs.

The law of Delaware, the state of Bear Stearns' incorporation, is controlling (see Hart v General Motors Corp., 129 AD2d 179, 182-183 [1987], lv denied 70 NY2d 608 [1987], citing Diamond v Oreamuno, 24 NY2d 494, 503-504 [1969]), and, under Delaware law, as elsewhere, a demand upon directors of a corporation to pursue a derivative complaint is mandated in recognition of the inherent power of the board to manage the affairs of the corporation, which includes making decisions about whether to pursue such litigation (Wilson v Tully, 243 AD2d 229, 232 [1998]).

The motion court, in granting defendants' motion to dismiss for plaintiff's failure to make the prelitigation demand required by Delaware Rules of the Court of Chancery rule 23.1, correctly held that plaintiff's conclusory allegations, unsupported by allegations of specific fact, were insufficient to establish that such a demand would have been futile (see Simon v Becherer, 7 AD3d 66, 71-72 [2004]; Wilson, 243 AD2d at 234).

Where, as here, the derivative claim alleges board nonfeasance, as opposed to a business decision, a court need only "determine whether or not the particularized factual allegations . . . create a reasonable doubt that . . . the board of directors could have properly exercised its independent and disinterested business judgment in responding to a demand" (Rales v Blasband, 634 A2d 927, 934 [Del 1993]). Plaintiff failed to sufficiently allege circumstances under which any directors could be considered "interested," i.e., in which they would receive a

personal financial benefit, distinct from any benefit enjoyed by shareholders generally, from a transaction respecting which they were called upon to exercise independent business judgment in their capacity as board members (*see id.* at 936).

Examples of insufficient particularity pervade plaintiff's pleading, and include plaintiff's general allegations that unnamed Bear Stearns' executives profited from the challenged compensation scheme and failed to exercise appropriate oversight, and his citation to numerous articles and documents that he claims should have alerted board members to conflicts of interest, but without any allegation that defendants were in fact made aware of such publications (*see In re Citigroup Inc. Shareholders Litigation*, 2003 WL 21384599, \*2, 2003 Del Ch LEXIS 61, \*5-8 [Del Ch, June 5, 2003], *affd* 839 A2d 666 [Del Super, Nov. 12, 2003]). Concur—Marlow, J.P., Sullivan, Sweeny and Catterson, JJ.