■ Eos Partners SBIC, L.P., on Behalf of DDS Partners, LLC, Respondent, v Jonathan B. Levine et al., Appellants, et al., Defendants. [839 NYS2d 729]—

Order, Supreme Court, New York County (Harold B. Beeler, J.), entered December 1, 2005, which, insofar as appealed from, denied the motion to dismiss the derivative complaint as against defendants-appellants, unanimously reversed, on the law, without costs, and the motion to dismiss granted in its entirety on the ground that plaintiff failed to make a presuit demand upon the board of directors of nominal defendant DDS Partners, LLC (DDS) to prosecute the claims asserted herein, or, in the alternative, to sufficiently allege that such a demand would be futile. The Clerk is directed to enter judgment in favor of all defendants dismissing the derivative complaint.

The derivative complaint asserts causes of action allegedly belonging to DDS, a Delaware limited liability company, against defendant Jonathan B. Levine, DDS's chairman of the board, and certain entities he controls. Plaintiff, a member of DDS, has not demanded that the DDS board of directors cause DDS to pursue these claims. Accordingly, under applicable Delaware law (*see David Shaev Profit Sharing Account v Cayne*, 24 AD3d 154 [2005]), plaintiff does not have standing to prosecute this action on DDS's behalf unless plaintiff demonstrates the futility of such a demand by making "particularized factual allegations . . . [that] create a reasonable doubt that . . . the board of directors could have properly exercised its independent and disinterested business judgment in responding to a demand" (*Rales v Blasband*, 634 A2d 927, 934 [Del 1993]; *see also David Shaev Profit Sharing Account*, 24 AD3d at 154; *Simon v Becherer*, 7 AD3d 66, 72 [2004]). Plaintiff's allegations fail to meet this standard as to the two DDS directors at issue, Bryan Marsal and Robert Columbo.

There is no claim that either Marsal or Columbo has any interest in the outcome of the proposed litigation, nor has plaintiff alleged particularized facts raising a concern that these directors are "beholden" to defendant Jonathan B. Levine or "so under [his] influence that their discretion would·be sterilized" (*Rales*, 634 A2d at 936-937). Allegations that Marsal and

Columbo are longtime personal friends of Levine, and that Levine nominated them for the board, do not, standing alone, suffice to place their independence in doubt (*see Beam v Stewart*, 845 A2d 1040, 1051-1052 [Del 2004]). There is no allegation that the subject directors have any familial ties with Levine or that they are somehow financially beholden to him. We reject plaintiff's contention that Marsal's alleged statement that he did "not wish to put himself in the middle of any dispute between DDS, [plaintiff] and Levine" constituted an anticipatory abdication of the responsibility to exercise independent judgment in the event the question of pursuing these claims formally came before the board. Neither is Columbo's independence placed in doubt by Levine's alleged statement that he expected Columbo to vote with him in the event of a dispute with another director, or by the allegation that Columbo has consistently voted with Levine. Plaintiff's assertions that Columbo "has failed to inform himself sufficiently" on issues coming before the board, and that he has "an agreement or understanding" with Levine always to vote with him, are based on nothing but unsubstantiated speculation. In sum, plaintiff has not rebutted the presumption of faithfulness to the interests of DDS to which Marsal and Columbo are entitled under Delaware law (*see* 845 A2d at 1048-1049). Concur—Tom, J.P., Mazzarelli, Friedman, Buckley and McGuire, JJ.