■ X-MED, INC., Respondent, v WESTERN NEW YORK SPINE, INC., Appellant. [903 NYS2d 215]—

Appeal from a judgment of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), entered June 9, 2009 in a breach of contract action. The judgment, upon plaintiff's motion, awarded plaintiff the sum of $89,093.50 against defendant.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by denying those parts of the motion for summary judgment on the complaint with respect to commissions for May and June 2007 and for dismissal of the second counterclaim and vacating the amounts awarded for commissions for those months and reinstating the second counterclaim and as modified the judgment is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for, inter alia, breach of contract based upon defendant's failure to pay commissions on medical devices manufactured by Don-Joy Orthopedics, Inc. (DJO) and sold by plaintiff on behalf of defendant. Plaintiff, which is wholly owned by its principal, Anthony Falleti, sold the devices for defendant until June 2007, at which time plaintiff terminated its agency relationship with defendant and began selling the devices directly through DJO, thereby earning a significantly greater commission. Plaintiff moved for summary judgment on the complaint and for dismissal of defendant's counterclaims, and Supreme Court granted plaintiff's motion in part, awarding plaintiff the sum of approximately $89,000 for commissions earned, after offsetting amounts that plaintiff conceded were owed to defendant, as well as other amounts, arising from the allegations set forth in defendant's counterclaims, for breach of contract and breach of fiduciary duty.

Defendant contends on appeal that Supreme Court erred in granting plaintiff's motion in part inasmuch as defendant raised an issue of fact with respect to whether plaintiff, as prompted by Falleti, breached its fiduciary duty to defendant by holding back sales orders that previously would have been placed through defendant before plaintiff terminated its agency relationship with defendant, thereby forfeiting plaintiff's rights to commissions. We agree in part.

It is undisputed that plaintiff acted as defendant's agent in selling the medical devices until June 2007 and thus owed a duty of loyalty to defendant until that time (*see G.K. Alan*

*Assoc., Inc. v Lazzari*, 44 AD3d 95, 100-101 [2007], *affd* 10 NY3d 941 [2008]). "One who owes a duty of fidelity to a principal and who is faithless in the performance of his services is generally disentitled to recover his compensation, whether commissions or salary" (*Feiger v Iral Jewelry*, 41 NY2d 928, 928 [1977]). Defendant contends that plaintiff was faithless in the performance of its services because it retained orders that in the normal course of business would have been placed while plaintiff was working as defendant's agent but did not place the orders until it began working directly for DJO and earned a greater commission. In support of that contention, defendant submitted evidence that orders placed in May 2007 were substantially fewer than those placed in the months immediately before or after May 2007 or, indeed, during May 2006. Defendant also submitted evidence that Falleti, who as noted wholly owned plaintiff, had control over the billing process and thus was able to delay the processing of orders. The fact that the commissions earned by plaintiff, and thus Falleti, were significantly greater once plaintiff's relationship with defendant was terminated provided a motive for him to do so.

In addition, defendant asserted that plaintiff, through Falleti, asked a customer to hold orders in May 2007 and instead to place them in June 2007. While that assertion is admittedly hearsay, "hearsay evidence may be considered in opposition to a motion for summary judgment," provided that it is not the only proof relied upon by the opposing party (*Raux v City of Utica*, 59 AD3d 984, 985 [2009]). Here, the hearsay statement is supported by the pattern of orders placed by the customer as well as an e-mail from the customer, sent on June 1, 2007, indicating that it needed a significant number of the devices "pretty much yesterday."

Finally, defendant submitted the affidavit of a representative of a competing company that had been negotiating for plaintiff's services before plaintiff decided to work directly for DJO. The representative averred therein that, during the negotiations in late April 2007, plaintiff offered to hold back orders in May and instead to place them with the competing company in June. The court erred in determining that the affidavit was irrelevant, inasmuch as the orders specifically called for the use of devices manufactured by DJO. Even if that were true, however, the fact that Falleti allegedly made such an offer is indicative of his intent to hold back orders, which, once he had an agreement with DJO, he could certainly have fulfilled.

Contrary to the court's determination, we conclude that defendant submitted evidence raising a triable issue of fact

whether plaintiff was a "faithless agent" who, for its own benefit, held back orders that would have benefitted defendant and thus whether plaintiff forfeited its right to commissions resulting from those orders (*G.K. Alan Assoc., Inc.*, 44 AD3d at 102; *see Feiger*, 41 NY2d at 928). However, the issue of fact applies only with respect to orders for May 2007 and those orders that were "open" but finalized in June 2007 and, as the court properly determined, plaintiff is entitled to commissions earned in March and April 2007. While a faithless agent forfeits its right to compensation, such forfeiture is limited "to compensation paid *during the time period* of disloyalty" (*Phansalkar v Andersen Weinroth & Co., L.P.*, 344 F3d 184, 205 [2003]; *see G.K. Alan Assoc., Inc.*, 44 AD3d at 103). We therefore modify the judgment accordingly. Present—Scudder, P.J., Peradotto, Lindley and Gorski, JJ.