SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

**695**
**CA 11-00158**
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, GORSKI, AND MARTOCHE, JJ.

---

JEREMIAH BIGGS, PLAINTIFF-RESPONDENT,

                   V                        MEMORANDUM AND ORDER

DAVID HESS, ANTHONY ALMEDA, DEFENDANTS,
AND ANTHONY BERNARDI, DOING BUSINESS AS TONY'S
CONSTRUCTION, DEFENDANT-APPELLANT.

---

KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (ALAN J. DEPETERS OF
COUNSEL), FOR DEFENDANT-APPELLANT.

MARCUS & CINELLI, LLP, WILLIAMSVILLE (BRIAN L. CINELLI OF COUNSEL),
FOR PLAINTIFF-RESPONDENT.

-------------------------------------------------------------------------------------------------------

    Appeal from an order of the Supreme Court, Erie County (Joseph R.
Glownia, J.), entered May 4, 2010 in a personal injury action.  The
order, insofar as appealed from, denied the cross motion of defendant
Anthony Bernardi, doing business as Tony's Construction, for summary
judgment.

    It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

    Memorandum:  Plaintiff commenced this Labor Law and common-law
negligence action seeking damages for injuries he sustained when the
ladder on which he was standing slipped out from under him, causing
him to fall.  At the time of the accident, plaintiff was painting the
interior of a garage on property owned by defendants David Hess and
Anthony Almeda.  Prior to plaintiff's accident, Almeda hired Anthony
Bernardi, doing business as Tony's Construction (defendant), to
demolish a house on the property and remove debris.  According to
plaintiff, the painting of the garage (hereafter, painting project)
was part of a larger renovation project on the property, for which
defendant was the general contractor, and defendant supervised and
controlled the painting project.

    We reject defendant's contention that Supreme Court erred in
denying his cross motion for summary judgment dismissing the complaint
against him.  Defendant met his initial burden on the cross motion by
submitting admissible evidence establishing that he was not the
general contractor for the painting project, that he did not own the
property where the accident occurred and that he did not supervise or
control plaintiff's work (*see Uzar v Louis P. Ciminelli Constr. Co.,
Inc.*, 53 AD3d 1078, 1079; *see generally Zuckerman v City of New York*,

49 NY2d 557, 562). In opposition to the cross motion, however, plaintiff raised a triable issue of fact whether defendant was liable as a general contractor (*see generally Zuckerman*, 49 NY2d at 562). Plaintiff submitted an affidavit in which he averred, inter alia, that he overheard phone conversations between a coworker and defendant in which the coworker apprised defendant of their progress on the painting project and defendant provided instructions for completing the work. Although several of the statements in plaintiff's affidavit constitute hearsay, it is well established that " 'hearsay evidence may be considered in opposition to a motion for summary judgment,' provided that it is not the only proof relied upon by the opposing party" (*X-Med, Inc. v Western N.Y. Spine, Inc.*, 74 AD3d 1708, 1710). Here, plaintiff also averred that he spoke with defendant two days before the accident and, at that time, defendant gave plaintiff and his coworker permission to remove copper wire from the house before it was demolished and told plaintiff that "there was additional work he needed . . . done on the premises."

Contrary to the contention of defendant, plaintiff's statement in his affidavit that defendant told him, on the day of the copper removal, that he had "additional work" on the premises does not contradict plaintiff's deposition testimony that he learned of the painting project through his coworker. Indeed, plaintiff was not questioned at his deposition with respect to any conversations that he may have had with defendant on the day of the copper removal. We thus conclude that plaintiff's affidavit "is not merely an attempt to raise a feigned issue of fact" (*Schwartz v Vukson*, 67 AD3d 1398, 1400; *see Hernandez v Bethel United Methodist Church of N.Y.*, 49 AD3d 251, 253).

Entered: June 17, 2011                                        Patricia L. Morgan
                                                             Clerk of the Court