*42 OPINION OF THE COURT
Friedman, J.
This putative shareholder derivative action — which plaintiffs commenced without making a pre-suit demand for a reduction in employee compensation on the board of nominal defendant the Goldman Sachs Group, Inc. (GSG), a Delaware corporation — was based on plaintiffs’ prediction that GSG would announce excessive employee compensation for 2009. The first of the three consolidated complaints was filed on December 14, 2009. Exactly six weeks later, on January 25, 2010, plaintiffs declared that, with GSG’s January 21 announcement that 2009 compensation would be at a lesser level than plaintiffs had forecast, the action had attained its objective, and stated their intention to move for a voluntary dismissal of the matter and, at the same time, for an award of legal fees pursuant to Business Corporation Law § 626 (e).[1]
The primary question on this appeal is whether an award of attorneys’ fees pursuant to Business Corporation Law § 626 (e) is available to the plaintiff in a putative shareholder derivative action even though the plaintiff did not satisfy the threshold requirement of section 626 (c) of making a pre-suit demand upon the board for the desired action and did not show that such a demand would have been futile. Supreme Court held that, where the demand requirement of section 626 (c) is neither satisfied nor excused by futility, the plaintiff in a putative shareholder derivative suit is not entitled to recover the “reasonable expenses” of the suit pursuant to section 626 (e), regardless of any contention that the action nonetheless resulted in a substantial benefit to the corporation. Accordingly, the court denied plaintiffs’ application for an award of attorneys’ fees and reimbursement of litigation expenses, based on its determination (not challenged by plaintiffs on appeal) that the demand requirement was neither satisfied nor excused as futile in this case (34 Mise 3d 456 [2011]). We affirm.
As noted, this action was based on the claim that GSG’s announcement of employee compensation for 2009 — which was imminent when the three consolidated complaints were filed in December 2009 and January 2010 — was likely to earmark around 50% of the firm’s net revenues for that purpose, as had *43 been done in previous years.[2] Plaintiffs contended that such a level of compensation would be excessive, given their view that GSG’s 2009 revenues were due, not to the performance of its employees, but to “accounting trickery” and government intervention in the wake of the 2008 financial meltdown. Regarding the pre-suit demand requirement, plaintiffs alleged that they did not make a demand upon GSG’s board because the anticipated compensation announcement would “not [be] a product of a valid exercise of the business judgment of the Defendants [the GSG directors], who participated in, approved, and/or permitted the wrongs.” Plaintiffs further alleged that, “because the Board is beholden to [GSG] and its executives, the Board is not disinterested and lacks sufficient independence to exercise its business judgment in setting a compensation policy.”[3]
By letter dated January 12, 2010, defendants informed the court and plaintiffs that they intended to move to dismiss the actions on the ground, among others, that plaintiffs “ha[d] not made a pre-suit demand on the [GSG] Board, and ha[d] not adequately pleaded that demand is excused.” On January 21, 2010, before defendants made any motion to dismiss, GSG issued a press release discussing its 2009 financial performance and announcing its compensation and benefits expenses for that year. The press release revealed that GSG’s ratio of compensation and benefits to net revenues for 2009 was 35.8%, as compared to 48% for 2008. Four days later, on January 25, plaintiffs filed papers with Supreme Court in which they asserted that the actions were moot because the announcement of the employee compensation that GSG’s board had set for 2009 “essentially conceded the merits of Plaintiffs’ claims,” and *44 stated their intention to move to dismiss the actions voluntarily.[4]
On April 8, 2010, plaintiffs moved for a voluntary dismissal of the action (the three actions by then having been consolidated) and, at the same time, for an award of attorneys’ fees in the amount of $5 million pursuant to Business Corporation Law § 626 (e).[5] The basis for the fee application was plaintiffs’ contention that the action was “successful” within the meaning of section 626 (e) because its filing had induced the GSG board to approve $5 billion less in employee compensation than otherwise would have been the case. Defendants opposed the motion, arguing that the demand requirement had been neither satisfied nor excused, that the complaint otherwise failed to state a cause of action, and that the record established that the litigation was not the cause of any “substantial benefit” to GSG.
In the order appealed from, Supreme Court granted plaintiffs’ motion only to the extent of dismissing the consolidated action; the application for an award of attorneys’ fees and reimbursement of litigation expenses was denied. The fee application was denied on the ground that plaintiffs had not complied with Business Corporation Law § 626 (c), which requires the complaint in a shareholder derivative action to “set forth with particularity the efforts of the plaintiff to secure the initiation of such action by the board or the reasons for not making such effort.” Noting plaintiffs’ admission that they had not made a pre-suit demand, the court determined that plaintiffs had not made particularized allegations that, if true, would have established the futility of demanding action by the board under Delaware law (applicable on matters of substance because GSG is a Delaware *45 Corporation). Specifically, the court found that plaintiffs did not make any allegations from which it could be inferred that the setting of employee compensation at the level plaintiffs had anticipated would have constituted a waste of corporate assets or would otherwise have been outside the protection of the business judgment rule, nor did plaintiffs’ allegations place in doubt the disinterest or independence of the 10 non-employee directors of GSG.[6] Accordingly, because the court held that, under New York law, “the fee award provision of [Business Corporation Law §] 626 (e) is not available to a plaintiff who has not satisfied the pleading requirements of section 626 (c)” (34 Mise 3d at 475), it denied plaintiffs’ application for attorneys’ fees.[7]
We are in substantial agreement with Supreme Court’s analysis. At the outset, we note that, in their appellate briefs, plaintiffs have not taken issue with Supreme Court’s determination that they failed to plead particularized facts that would have established the futility of demanding action by the board so as to excuse the demand prerequisite to a derivative suit under Delaware law (see Del Ch Ct rule 23.1).[8] Accordingly, plaintiffs have abandoned any challenge on appeal to that determination (see e.g. Edelman v Emigrant Bank Fine Art Fin., LLC, 89 AD3d 632 [1st Dept 2011]), and it is established, for purposes of this appeal, that plaintiffs had no excuse for their *46 admitted failure to make a pre-suit demand for the corporate action they desired.
Plaintiffs argue that Business Corporation Law § 626 (e) (quoted in pertinent part at n 5, supra) does not expressly require a showing that the demand requirement was complied with or excused as a prerequisite to an award of attorneys’ fees for bringing an action that brought a substantial benefit to the corporation (as plaintiffs claim — and defendants deny — that this action did). Plaintiffs further argue that there is no reason to construe the statute to imply such a requirement. We disagree.
To begin, plaintiffs’ analysis is internally inconsistent. They concede that a derivative plaintiff cannot recover attorneys’ fees under section 626 (e), regardless of any benefit the action may have caused the corporation to realize, if the plaintiff was not a shareholder at the time of the challenged transaction and at the time the action was commenced, as required by paragraphs (a) and (b) of section 626. Thus, plaintiffs concede that standing to bring a derivative action has some relevance to the fee determination under section 626 (e). But paragraph (e) no more refers to the shareholding requirements of paragraphs (a) and (b) than it does to the demand requirement of paragraph (c). In this regard, we agree with defendants that the phrase “on behalf of the corporation” in the opening clause of section 626 (e) (“If the action on behalf of the corporation was successful” [emphasis added]) implies that the plaintiff, to be entitled to a fee award, must meet all requirements for standing to bring a derivative action “on behalf of the corporation” — both the requirements relating to shareholding (paras [a] and [b]) and the requirement of a pre-suit demand or excuse thereof (para [c]).[9]
We reject plaintiffs’ attempt to justify treating paragraph (c) differently from paragraphs (a) and (b) for these purposes on the ground that section 626 (c) is phrased in terms of a pleading requirement (“In any such action, the complaint shall set forth with particularity the efforts of the plaintiff to secure the initia *47 tion of such action by the board or the reasons for not making such effort”). The demand requirement, which determines a shareholder’s right to prosecute the claim, is universally held to be a substantive requirement (see e.g. Kamen v Kemper Financial Services, Inc., 500 US 90, 96-97 [1991]) — a point plaintiffs do not dispute. It is no answer to say that, had the litigation gone forward, plaintiffs could have amended their complaint to make sufficiently particularized allegations of demand futility. If plaintiffs believed that they had a basis for such an amendment, they should have submitted that evidence to Supreme Court in support of their fee application.
There are substantial policy reasons to construe section 626 (e) to incorporate all of the standing requirements set forth in the remainder of the statute, including the requirement of pre-suit demand on the board. As the Court of Appeals has recognized, “derivative actions are not favored in the law because they ask courts to second-guess the business judgment of the individuals charged with managing the company” (Bansbach v Zinn, 1 NY3d 1, 8 [2003]). The demand requirement, far from being a meaningless formality,
“rests on basic principles of corporate control — that the management of the corporation is entrusted to its board of directors, who have primary responsibility for acting in the name of the corporation and who are often in a position to correct alleged abuses without resort to the courts. The demand requirement thus relieves courts of unduly intruding into matters of corporate governance by first allowing the directors themselves to address the alleged abuses. The requirement also provides boards with reasonable protection from harassment on matters clearly within their discretion, and it discourages strike suits commenced by shareholders for personal rather than corporate benefit” (id. at 8-9 [citations and internal quotation marks omitted]).
To award fees to a derivative plaintiff who has neither made a demand nor alleged demand futility, upon the mooting of the suit by board action promptly after it was filed, would reward that plaintiff for unjustifiably wresting the management of the corporation from those to whom it is entrusted by law and by the rest of the shareholders. But the basis for awarding attorneys’ fees to a derivative plaintiff under the substantial benefit doctrine is the avoidance of unjust enrichment (see Seinfeld *48 v Robinson, 246 AD2d 291, 295 [1st Dept 1998] [“ ‘To allow others to obtain full benefit from the plaintiffs efforts without contributing equally to the litigation expenses would be to enrich the others unjustly at the plaintiffs expense’ ”], quoting Mills v Electric Auto-Lite Co., 396 US 375, 392 [1970]). On the other hand, an officious intermeddler who gratuitously foists an unrequested benefit upon another is not entitled to compensation from the recipient because the other party’s receipt of the benefit without compensation does not constitute unjust enrichment (see 22A NY Jur 2d, Contracts § 538 [“(A) person who officiously confers a benefit upon another is not entitled to restitution for that benefit”]; Restatement of Restitution § 2 and Comment a [same]). Absent a showing that the demand requirement has been complied with or excused, a derivative plaintiff has no justification for acting on behalf of the corporation. Under such circumstances, denying that plaintiff compensation from the corporation for any benefit allegedly conferred by the litigation does not constitute unjust enrichment, and the denial of fees fully accords with the doctrine of substantial benefit.
Further, plaintiffs overlook that, if their main concern was saving money for GSG’s shareholders by reducing excessive employee compensation, they might well have accomplished the same result (assuming for the sake of argument that their actions had any influence on the board) by presenting the board with a formal demand, as the law contemplates. If plaintiffs had made such a demand, and the board had set compensation at the level it ultimately did (which plaintiffs deem satisfactory), GSG shareholders would have benefitted from the corporation’s reduced compensation expense as well as from avoiding having to pay plaintiffs’ attorneys’ fees (and avoiding having to oppose or defend their fee application), since attorneys’ fees are not payable pursuant to section 626 (e) where no lawsuit has been initiated (see Kaufman Malchman & Kirby, P.C. v Hasbro, Inc., 897 F Supp 719, 723-724 [SD NY 1995]). Rather than risk achieving a positive result for the shareholders without bringing a lawsuit that might result in the imposition of fee liability on the corporation, plaintiffs commenced a lawsuit against the board without first making a demand (without excuse, as previously discussed). In other words, by going straight to court rather than making a pre-suit demand as the law requires, plaintiffs seem to be trying to achieve the same result at greater cost to the corporation. We do not believe that the law should afford them this option.
*49 To the extent that considerations of judicial efficiency enter into this analysis, those considerations support requiring a derivative plaintiff to show compliance with, or excuse of, the demand requirement as a prerequisite to recovering legal fees under section 626 (e). We are not persuaded by plaintiffs’ suggestion that making a fee award dependent on a showing of demand futility “creates a situation that could require courts to address novel and complex legal issues where the actual merits of the dispute are not at issue.” Given the frequency with which demand futility is litigated, and the fact patterns that recur on that issue from case to case, it seems to us that causation of a substantial benefit is by far the more complex issue, and the issue more likely to lead to protracted litigation. Moreover, in our judgment, requiring a derivative plaintiff to demonstrate satisfaction or excuse of the demand requirement (in addition to demonstrating that the action has caused a substantial benefit) will more effectively deter unwarranted litigation in this area than would the rule advocated by plaintiffs, under which a litigant seeking fees under section 626 (e) would be required to make a showing only on the far less predictable substantial benefit issue.
In sum, Supreme Court correctly determined that plaintiffs are precluded from recovering attorneys’ fees or other litigation costs pursuant to Business Corporation Law § 626 (e) by their failure — as found by Supreme Court and not challenged on appeal — either to make a pre-suit demand or to make particularized allegations establishing that such a demand would have been futile. Since this determination disposes of the appeal, we need not consider the parties’ remaining arguments.[10]
Accordingly, the order of the Supreme Court, New York County (Bernard J. Fried, J.), entered September 26, 2011, which, insofar as appealed from as limited by the briefs, denied plaintiffs’ motion for an award of attorneys’ fees and reimbursement of litigation expenses, should be affirmed, with costs.
Andrias, J.E, Acosta, Freedman and Clark, JJ., concur.
Order, Supreme Court, New York County, entered September 26, 2011, affirmed, with costs.

. Thus, although this matter was litigated on the merits for less than a month and a half, the litigation of the application for attorneys’ fees had lasted for more than three years as of the date on which this appeal was argued.

. This action is a consolidation of three suits against the directors of GSG (and nominally against GSG) that were originally filed separately in Supreme Court, New York County: (i) Security Police & Fire Professionals of Am. Ret. Fund v Blankfein, index No. 650740/2009 (filed Dec. 14, 2009); (ii) Brown v Blankfein, index No. 650003/2010 (filed Jan. 5, 2010); and (iii) Central Laborers’ Pension Fund v Blankfein, index No. 600036/2010 (filed Jan. 7, 2010). The actions were consolidated under the Central Laborers’ caption and index number by order dated March 9, 2010. On appeal, the parties treat the Central Laborers’ complaint as the operative pleading.

. It is undisputed that plaintiffs were holders of GSG shares at the time the action was brought and at the time of the transaction complained of, as required by paragraphs (a) and (b) of Business Corporation Law § 626.

. Defendants strenuously deny that the filing of this action had any causal connection with the level at which the board ultimately set 2009 compensation for GSG employees. Defendants contend that the evidence on this issue in the record (both plaintiffs’ and their own) establishes that the determination, although not announced until January 21, 2010, had been made in principle before December 14, 2009, the date of the filing of the earliest of the three complaints consolidated in this matter. As clarified at the oral argument of this appeal, plaintiffs take the position that an issue of fact exists as to whether the filing of this action caused the board to set 2009 compensation at a level substantially lower than that at which it otherwise would have been set.

. In pertinent part, Business Corporation Law § 626 (e) provides: “If the action on behalf of the corporation was successful, in whole or in part, . . . the court may award the plaintiff or plaintiffs . . . reasonable expenses, including reasonable attorney’s fees.”

. Two defendants (Lloyd C. Blankfein and Gary D. Cohn) are both directors and employees of GSG. Defendants do not dispute that Blankfein and Cohn, as employees, may be considered interested in the board action at issue.

. Having concluded that plaintiffs’ failure to satisfy the demand requirement necessitated the denial of their fee application, the court found it unnecessary to address whether the filing of the action had caused GSG to realize a substantial benefit. Nor did the court find it necessary to determine whether New York would follow Delaware in making it a prerequisite to an award of attorneys’ fees that a derivative action have been “meritorious when filed,” or whether, apart from the failure to satisfy the demand requirement, the complaint had sufficient merit to withstand a motion to dismiss.

. Because GSG is incorporated under the law of Delaware, we look to Delaware for the substantive law governing this dispute concerning GSG’s internal corporate governance, including the issue of whether the demand requirement was excused so as to confer standing on plaintiffs to pursue this action (see David Shaev Profit Sharing Account v Cayne, 24 AD3d 154 [1st Dept 2005]). The law of the forum (New York), however, governs the procedural issue of whether attorneys’ fees under Business Corporation Law § 626 (e) may be awarded to the plaintiff in a derivative action that allegedly resulted in a substantial benefit to the corporation (as plaintiffs claim this action did) before the action could be dismissed based on the plaintiffs failure either to satisfy the pre-suit demand requirement or to establish that the requirement was excused by futility.

. The New York appellate authority on which plaintiffs rely does not support their position that the demand requirement is irrelevant to the attorneys’ fee issue, since those cases involved derivative suits in which fees were awarded after settlement, in which the issue of standing was necessarily resolved in favor of the plaintiffs (see Gusinsky v Bailey, 66 AD3d 614 [1st Dept 2009]; Seinfeld v Robinson, 246 AD2d 291 [1st Dept 1998]). To reiterate, this action was not settled. Rather, plaintiffs made a self-serving declaration of victory upon the GSG board’s determination of the relevant matter within weeks after the complaints were filed.

. Thus, we do not address the question of whether New York should adopt the Delaware rule that a derivative plaintiff cannot obtain attorneys’ fees unless it is established that, apart from issues of standing, the complaint was meritorious when filed. Nor need we consider whether the filing of plaintiffs’ action actually caused GSG to realize any substantial benefit.