■ WALTER SAKOW, Individually and on Behalf of MAWASH REALTY CORP., Respondent, v MICHAEL WALDMAN, Individually and as Executor of SHERWOOD WALDMAN, Deceased, Respondent-Appellant, and MAWASH REALTY CORP., Appellant. [2 NYS3d 222]—

In an action, inter alia, for an accounting, Mawash Realty Corp. appeals, as limited by its brief, from (1) stated portions of a decision of the Supreme Court, Nassau County (Bucaria, J.), dated December 4, 2012, made after a nonjury trial, (2) an order of the same court dated March 11, 2013, which denied its motion pursuant to CPLR 4404 (b) to set aside stated portions of the decision, and (3) stated portions of a judgment of the same court dated March 11, 2013, which, upon the decision and the order, inter alia, is in favor of the defendant Michael Waldman and against it, in effect, dismissing the cause of action asserted derivatively on its behalf by the plaintiff Walter Sakow to recover 100% of the sum of $5,122,388, representing the net income generated by, and the proceeds of a loan referable to, certain real property located on West 25th Street in Manhattan, and instead awarded 25% of that income and proceeds, or $1,280,957, to the plaintiff Walter Sakow, individually, and $0 to it, and the defendant Michael Waldman cross-appeals from the same judgment.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509, 509-510 [1984]); and it is further,

Ordered that the appeal from the order is dismissed, as the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]); and it is further,

Ordered that the cross appeal from the judgment by the defendant Michael Waldman is dismissed as abandoned (see 22 NYCRR 670.8 [e]); and it is further,

Ordered that the judgment is modified, on the law, (1) by deleting the provision thereof awarding damages to the plaintiff Walter Sakow, individually, on the cause of action to recover the net income generated by, and the loan proceeds referable to, the real property located on West 25th Street in Manhattan, and substituting therefor a provision dismissing that cause of action insofar as asserted by the plaintiff Walter Sakow, individually, (2) by reducing the amount awarded to the plaintiff Walter Sakow, individually, by the sum of $1,280,957, thus reducing that award from the principal sum of $4,620,576 to the principal sum of $3,339,979, and (3) by deleting the provision, in effect, dismissing the cause of action asserted derivatively on behalf of Mawash Realty Corp. by the plaintiff Walter Sakow to recover the net income generated by, and the loan proceeds referable to, the real property located on West 25th Street in Manhattan,

and substituting therefor a provision in favor of Mawash Realty Corp. and against the defendant Michael Waldman on that cause of action in the principal sum of $5,122,388; as so modified, the judgment is affirmed insofar as appealed from by Mawash Realty Corp., the cause of action insofar as asserted derivatively on behalf of Mawash Realty Corp. by the plaintiff Walter Sakow to recover the net income generated by, and the loan proceeds referable to, the real property located on West 25th Street in Manhattan is reinstated, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate amended judgment; and it is further;

Ordered that one bill of costs is awarded to Mawash Realty Corp., payable by the plaintiff Walter Sakow, individually, and the defendant Michael Waldman.

Mawash Realty Corp. (hereinafter Mawash) owned an apartment building located at 264-266 West 25th Street in Manhattan (hereinafter the 25th Street property). The plaintiff Walter Sakow owned 25% of the stock of Mawash, while the defendant Michael Waldman owned the other 75%. Sakow and Waldman also owned an apartment building at 237 East 10th Street in Manhattan (hereinafter the 10th Street property) as tenants in common.

Sakow, both individually and derivatively on behalf of Mawash, commenced this action, alleging that Waldman had retained all of the net income derived from the operation of both apartment buildings without accounting therefor to Mawash or to Sakow, and had pledged or caused Mawash to pledge the two properties as collateral security for a number of loans, with Waldman allocating the proceeds of the loans to his own benefit. The matter proceeded to a nonjury trial. After concluding that Sakow was individually entitled to 50% of the $6,679,958, or $3,339,979, in net income and loan proceeds that related to the 10th Street property, and 25% of the $5,122,388, or $1,280,597, in net income and loan proceeds that related to the 25th Street property, the Supreme Court awarded a judgment to Sakow, individually, in the principal amount of $4,620,576, or $3,339,979 plus $1,280,597, and awarded $0 to Mawash.

A shareholder of a corporation, even of a closely held corporation, may not recover in his or her individual capacity for wrongs committed against the corporation, and any recovery obtained pursuant to a derivative cause of action asserted by a shareholder is obtained for the benefit of the injured corporation (*see Glenn v Hoteltron Sys.*, 74 NY2d 386, 392-393 [1989]; *Barbaro v Spinelli*, 121 AD3d 727 [2014]; *Wolf v Rand*, 258 AD2d 401, 403

[1999]). Thus, as Mawash correctly contends on appeal, instead of awarding 25% of the $5,122,388 in net income and loan proceeds relating to the 25th Street property directly to Sakow, individually, and nothing to it, the Supreme Court should have instead awarded 100% of this amount to Mawash, on whose behalf Sakow sued derivatively. Accordingly, we modify the judgment by, among other things, reducing the amount awarded to Sakow, individually, from the principal sum of $4,620,576 to the principal sum of $3,339,979, representing a reduction in the sum of $1,280,597, and adding a provision thereto in favor of Mawash and against Waldman in the principal sum of $5,122,388.

The parties' remaining contentions are either without merit or not properly before this Court. Balkin, J.P., Dickerson, Sgroi and Cohen, JJ., concur.