16-757-cv
The Judge Rotenberg Educ. Ctr. v. Blass

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of February, two thousand seventeen.

PRESENT:  BARRINGTON D. PARKER,
          REENA RAGGI,
          CHRISTOPHER F. DRONEY,
                *Circuit Judges.*
---------------------------------------------------------------------
THE JUDGE ROTENBERG EDUCATIONAL CENTER,
                *Plaintiff-Appellee*,


                v.                                    No. 16-757-cv


GREGORY J. BLASS, COMMISSIONER OF THE SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, and SUFFOLK COUNTY,
                *Defendants-Appellants*,

MICHAEL F. HOGAN,
                *Defendant.**
---------------------------------------------------------------------

---

\* The Clerk of Court is directed to amend the case caption as set forth above.

1

APPEARING FOR APPELLANTS:     LUZ ADRIANA LOPEZ, Assistant County Attorney, *for* Dennis M. Brown, Suffolk County Attorney, Hauppauge, New York.

APPEARING FOR APPELLEE:     JOCELYNE S. KRISTAL, Law Office of Jocelyne S. Kristal, White Plains, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Pamela K. Chen, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on February 10, 2016 is AFFIRMED.

Defendants, the Commissioner of the Suffolk County Department of Social Services and Suffolk County (collectively, "SCDSS"), appeal from an award of summary judgment to plaintiff, the Judge Rotenberg Educational Center ("JRC"), on its restitution claim for housing, educational, and legal services rendered to a disabled young woman ("RP") on SCDSS's behalf. SCDSS does not challenge the amount of the restitution award. Rather, it argues that JRC is not entitled to *any* restitution because the district court erred in concluding that (1) SCDSS breached its duty to plan for RP's transition from foster care and (2) JRC acted unofficiously and with intent to charge SCDSS for RP's continuing care while a permanent living arrangement was located. "We review de novo a district court's grant of a motion for summary judgment," and in so doing, "construe the facts in the light most favorable to the non-moving party and . . . resolve all ambiguities and draw all reasonable inferences against the movant." *Walsh v. N.Y.C. Housing Auth.*, 828 F.3d 70, 74 (2d Cir. 2016) (internal quotation marks omitted). We

2

assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Duty of Care

SCDSS agrees that JRC's entitlement to restitution turned on whether it incurred costs in supplying RP with necessaries that SCDSS failed to supply in violation of a duty. *See* Restatement (First) of Restitution § 113; Restatement (Third) of Restitution and Unjust Enrichment § 22.   SCDSS argues that the district court erred in concluding that it breached state-law and contractual duties to provide RP with (1) adequate planning for her discharge from foster care, (2) timely written notice thereof, and (3) appointment of a community-resource person.   Because we agree with the district court that SCDSS's failure to arrange for transitional care breached the first of these state-law duties, which by itself supports the challenged restitution award, we need not discuss the other two.

Under New York law, "[a] social services district shall be considered to be exercising diligent efforts to achieve the permanent discharge of a child in foster care only if it complies with" applicable regulatory requirements.   N.Y. Comp. Codes R. & Regs. tit. 18, § 430.12(a).   One such requirement is that "[n]o child may be discharged to another planned living arrangement with a permanency resource, *unless the child has a residence other than a shelter* . . . and there is a reasonable expectation that the residence will remain available to the child for at least the first 12 months after discharge."   *Id.* § 430.12(f)(3)(i)(c) (emphasis added).   SCDSS does not dispute that RP required such a planned living arrangement, that New York law precludes it from discharging young

3

adults to homeless shelters,[1] and that it nonetheless advised JRC personnel to take RP to a shelter in 2009 when no such living arrangement had been made. SCDSS argues only that it had no duty to RP as of January 2009 because RP had already turned 21 and, therefore, was no longer a "child" in the foster-care system. *See* N.Y. Comp. Codes R. & Regs. tit. 18, § 422.1(b) (defining "child" as a person under age 21).

The argument fails. First, SCDSS's duties to children in foster care do not necessarily terminate at age 21. *See, e.g.*, N.Y. Soc. Serv. Law § 398(6)(h) (stating that social service district "shall allow" a "developmentally disabled . . . emotionally disturbed or physically handicapped" child turning 21 to remain in foster program until conclusion of school year); N.Y. Mental Hyg. Law § 7.38(a)–(b) (explaining provision of transitional services for children older than 21 by New York Office of Mental Health "in consultation with the department of social services").

Second, and in any event, the undisputed record shows that SCDSS failed to secure a permanent living arrangement for RP *before* she turned 21. It was as a result of that breach that, as the recently-turned-21 RP needed to transition out of JRC's care, SCDSS personnel had no placement for her and, thus, told JRC aides to take RP to a location proscribed by law: a homeless shelter. *See* N.Y. Comp. Codes R. & Regs. tit. 18, § 430.12(f)(3)(i)(c).

---

[1] We need not decide whether this concession constitutes waiver of SCDSS's argument that it had no legal duty to RP because its argument fails on the merits in any event.

SCDSS maintains that homeless-shelter placement would have been temporary. But the applicable regulation contains no exception for temporary stays. In any event, SCDSS adduced no evidence to support its assertion that RP's shelter stay would have been short-lived. To the contrary, the record shows that RP was not placed in a permanent living arrangement for 11 months after SCDSS proposed sending her to a homeless shelter.

We therefore conclude, as the district court did, that SCDSS violated its state-law duty (further reflected in its contract with JRC) to plan adequately for RP's discharge from the foster-care system when she turned 21.

2. Unofficiously and with Intent to Charge Therefor

SCDSS argues that, even if it breached its duty, JRC is not entitled to restitution because it gratuitously maintained RP in its care. *See Central Laborers' Pension Fund v. Blankfein*, 111 A.D.3d 40, 48, 971 N.Y.S.2d 282, 288 (1st Dep't 2013) ("[A]n officious intermeddler who gratuitously foists an unrequested benefit upon another is not entitled to compensation from the recipient because the other party's receipt of the benefit without compensation does not constitute unjust enrichment . . . ."); Restatement (First) of Restitution § 2; Restatement (Third) of Restitution and Unjust Enrichment § 2.

This argument fails because JRC cannot here be viewed as an officious intermeddler. Indeed, SCDSS had hired JRC to care for RP for one year to satisfy SCDSS's state-law obligations towards RP. Further, SCDSS permitted JRC to maintain custody of RP during the months in which her OPWDD appeal from the denial of

5

eligibility was pending.   Thus, RP was in JRC's physical custody when SCDSS directed JRC to take RP to the proscribed shelter.   In these circumstances, JRC was an appropriate—if not the only—party available to help RP avoid a shelter placement by affording her its continued shelter and services until she was transitioned to a permanent living arrangement.

SCDSS's contention that JRC did not intend to charge for its services is belied by its own internal e-mail, which on July 24, 2009 confirmed that SCDSS was aware of JRC's bills and would "bear [financial] responsibility" for RP's care and "pay[] JRC from Dec[ember] [20]08 thr[ough] Sep[tember] 30, 2009."[2]   App'x 357.   This conclusion is further supported by JRC's December 23, 2009 invoice, promptly submitted at the request of SCDSS's attorneys after RP's care concluded, and JRC's notice of claim and demand letter submitted in the ensuing months.   SCDSS contends that such evidence does "not create a duty that otherwise did not exist."   Appellants' Reply Br. 12.   But the question here is not whether SCDSS had a *duty* to pay JRC, but whether a legitimate expectation of payment arose under the circumstances, against which SCDSS presents no contrary evidence.   Indeed, SCDSS's Commissioner conceded at deposition that he had directed subordinates to pay JRC's claims for RP's care after December 2008 and "honestly d[id]n't know" why they had not been paid. App'x 364.

---

[2] Because JRC seeks restitution for its performance of SCDSS's obligations through December 15, 2009, not for its performance of a contract with SCDSS, its recovery is not limited to dates preceding September 30, 2009.

6

We therefore conclude that JRC did not act "officiously" or "gratuitously" in providing care to RP on SCDSS's behalf and was entitled to the restitution ordered by the district court.

3.   Conclusion

We have considered defendants' other arguments and conclude that they are without merit.   Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court