Appeal from an order of the Supreme Court, Nassau County (Stephen A. Bucaria, J.), entered February 18, 2016. The order, insofar as appealed from, upon renewal, granted the plaintiff’s motion pursuant to Business Corporation Law § 626 (e) for an award of an attorney’s fee to the extent of awarding an attorney’s fee in the sum of $300,000, which previously had been granted in an order of that court entered June 18, 2015, to the extent of awarding an attorney’s fee in the sum of $324,204.
 

 Ordered that the order entered February 18, 2016, is reversed insofar as appealed from, on the law, with costs, upon renewal, the plaintiff’s motion pursuant to Business Corporation Law § 626 (e) for an award of an attorney’s fee is denied, and the order entered June 18, 2015, is vacated.
 

 The plaintiff, Walter Sakow, individually and on behalf of Mawash Realty Corp. (hereinafter Mawash), commenced this action against the defendant Michael Waldman and Mawash, asserting, inter alia, a cause of action for an accounting. Following a nonjury trial, the Supreme Court issued a judgment awarding damages only to Sakow, individually. On a prior appeal, this Court modified the judgment by, among other things, awarding damages to Mawash on a cause of action asserted derivatively on its behalf by Sakow, and remitted the matter to the Supreme Court for the entry of an amended judgment (see Sakow v Waldman, 124 AD3d 860 [2015]).
 

 Sakow then moved pursuant to Business Corporation Law § 626 (e) for an award of an attorney’s fee from Mawash. In an order entered June 18, 2015, the Supreme Court granted the motion to the extent of awarding Sakow an attorney’s fee from Mawash in the sum of $324,204. On September 8, 2015, the court entered a money judgment upon the order. Mawash appealed from the order and the money judgment. For the reasons set forth in our decision and order on the related appeals, those appeals have been dismissed (see Sakow v Waldman, 155 AD3d 1078 [2017] [decided herewith]).
 

 Subsequently, Mawash moved for leave to renew its opposition to Sakow’s motion for an award of an attorney’s fee, arguing that it had recently discovered that Sakow was not a shareholder of Mawash when this action was commenced and, therefore, that he lacked standing to commence a derivative action and was not entitled to an award of an attorney’s fee under Business Corporation Law § 626 (e). In opposition, Sakow did not dispute that he had transferred his shares of Mawash to nonparty Mawash Realty Trust (hereinafter the Trust) more than two years before this action was commenced. However, Sakow asserted that he had standing to initiate the derivative action because he was acting as a nominee of the Trust. Upon granting renewal, the Supreme Court adhered to its determination that Sakow was entitled to an award of an attorney’s fee under Business Corporation Law § 626 (e), but lowered the award to the sum of $300,000 and vacated the money judgment. Mawash appeals.
 

 Business Corporation Law § 626 (e) provides, in pertinent part: “If the action on behalf of the corporation was successful, in whole or in part, . . . the court may award the plaintiff. . . reasonable expenses, including reasonable attorney’s fees.” To be entitled to an award of an attorney’s fee under Business Corporation Law § 626 (e), a plaintiff must meet all of the requirements for standing to bring a derivative action on behalf of the corporation (see Central Laborers’ Pension Fund v Blankfein, 111 AD3d 40, 46 [2013]). These requirements include that the plaintiff be a “holder of shares or of voting trust certificates of the corporation or of a beneficial interest in such shares or certificates” (Business Corporation Law § 626 [a]) at the time of the challenged transaction and at the time the action was commenced (see Business Corporation Law § 626 [b]).
 

 Here, upon renewal, the Supreme Court erred in determining that Sakow was entitled to an award of an attorney’s fee under Business Corporation Law § 626 (e). At the time this action was commenced, Sakow was not a holder of shares or of voting trust certificates of Mawash, and he did not have a beneficial interest in such shares or certificates. Accordingly, Sakow did not have standing to commence a derivative action (see generally Zentz v International Foreign Exch. Concepts, L.P., 106 AD3d 904 [2013]). While Sakow contends that, as nominee of the Trust, he could have commenced a derivative action on Mawash’s behalf, that was not the capacity in which he initiated the instant action. Since Sakow failed to satisfy the standing requirements for a derivative action, he was not entitled to an award of an attorney’s fee (see generally Central Laborers’ Pension Fund v Blankfein, 111 AD3d at 46-47). Accordingly, upon renewal, the Supreme Court should have denied Sakow’s motion for an award of an attorney’s fee.
 

 Leventhal, J.P., Austin, Cohen and Brathwaite Nelson, JJ., concur.