Barasch & McGarry, PC v Marcowitz (2023 NY Slip Op 04815)

Barasch & McGarry, PC v Marcowitz

2023 NY Slip Op 04815

Decided on September 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 28, 2023

Before: Webber, J.P., Friedman, González, Rodriguez, Pitt-Burke, JJ. 

Index No. 655369/18 Appeal No. 654-655 Case No. 2022-04131, 2023-00488 

[*1]Barasch & McGarry, PC, Doing Business as Barasch McGarry Salzman & Penson, Plaintiff-Respondent,
v
Edward L. Marcowitz, Defendant-Appellant. 

Brick Law PLLC, White Plains (Brian H. Brick of counsel), for appellant.
Barasch McGarry Salzman Penson, New York (Dominique Penson of counsel), for respondent.

Order, Supreme Court, New York County (Louis L. Nock, J.), entered April 28, 2022, which denied defendant's motion for summary judgment dismissing the complaint and granted plaintiff's cross-motion for summary judgment, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered on or about January 11, 2023, which denied defendant's motion to reargue the summary judgment motions, unanimously dismissed, without costs, as taken from a nonappealable order.
Defendant's argument that factual issues should have precluded summary judgment is unavailing. In their respective summary judgment motions, the parties represented that the case presented a solely legal question. Defendant's attempt to manufacture factual issues on appeal is also not supported by the record.
Regardless, plaintiff was entitled to summary judgment as a matter of law. The duty of loyalty, grounded in the faithless servant doctrine, is breached where the employee, "acting as the agent of the employer, unfairly competes with his employer, [and] diverts business opportunities to himself or others to the financial detriment of the employer" (Sullivan & Cromwell LLP v Charney, 15 Misc 3d 1128[A], 2007 NY Slip Op 50889[U], *7 [Sup Ct, NY County 2007]; see also Western Elec. Co. v Brenner, 41 NY2d 291, 295 [1977]). Defendant does not dispute that he referred a matter to another law firm without plaintiff's knowledge or consent and collected more than $140,000 in referral fees. A for-profit referral, without plaintiff's knowledge or consent, violates defendant's duty of loyalty and, at a minimum, entitles plaintiff to the referral fee (see Chun Ho Chung v Williams Schwitzer & Assoc., P.C., 200 AD3d 514, 515 [1st Dept 2021]).
The court's denial of the motion to reargue is not appealable (see Alekna v 207-217 W. 110 Portfolio Owner LLC, 212 AD3d 480 [1st Dept 2023]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 28, 2023