Owen v Hurlbut (2025 NY Slip Op 04311)

Owen v Hurlbut

2025 NY Slip Op 04311

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., BANNISTER, SMITH, AND HANNAH, JJ.

332 CA 24-00787

[*1]CHRISTINE OWEN, INDIVIDUALLY AND DERIVATIVELY AS A SHAREHOLDER OF ROHM SERVICES CORPORATION AND RHH MENDON PROPERTIES, INC., AND AS EXECUTOR OF THE ESTATE OF BARBARA A. HURLBUT, DECEASED, PLAINTIFF-RESPONDENT-APPELLANT, ET AL., PLAINTIFF,
v
ROBERT W. HURLBUT AND HURLBUT HEALTH CONSULTING, LLC, DEFENDANTS-APPELLANTS-RESPONDENTS. 

PULLANO & FARROW, EAST ROCHESTER (CHRISTIAN VALENTINO OF COUNSEL), FOR DEFENDANTS-APPELLANTS-RESPONDENTS.
LIPPES MATHIAS LLP, ROCHESTER (KELLY S. FOSS OF COUNSEL), AND HARRIS BEACH PLLC, PITTSFORD, FOR PLAINTIFF-RESPONDENT-APPELLANT. 

 Appeal and cross-appeal from an order of the Supreme Court, Monroe County (Christopher S. Ciaccio, A.J.), entered December 1, 2023 in an action for damages for, inter alia, breach of fiduciary duty. The order granted in part and denied in part the respective motion and cross-motion of the parties for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting those parts of defendants' motion seeking summary judgment dismissing the first through twelfth and the nineteenth causes of action as asserted by plaintiff, individually, and as asserted by plaintiff, as executor of the estate of Barbara A. Hurlbut, and seeking summary judgment dismissing the twentieth cause of action; by denying that part of defendants' motion seeking summary judgment dismissing the undercharging claims as asserted by plaintiff, derivatively as a shareholder of ROHM Services Corporation, and reinstating those claims to that extent; by denying those parts of plaintiff's cross-motion seeking partial summary judgment on the excessive compensation and underpayment claims; by striking from the fourth subparagraph of the second ordering paragraph the language "for the period from 2017 through 2019 under the faithless servant doctrine in the amount of $1,694,073" and substituting therefor the language "for the period of disloyalty beginning in late 2019 under the faithless servant doctrine in an amount to be determined"; and as modified the order is affirmed without costs.
Memorandum: Christine Owen (plaintiff), individually and derivatively as a shareholder of ROHM Services Corporation (ROHM) and RHH Mendon Properties, Inc., and as executor of the estate of Barbara A. Hurlbut (decedent), brought this action against defendants, Robert W. Hurlbut (defendant) and Hurlbut Health Consulting, LLC, asserting various causes of action in the amended complaint and seeking, inter alia, damages for defendants' alleged evisceration of the value of ROHM. Defendants moved, as relevant on appeal, to dismiss the first through twelfth, nineteenth, and twentieth causes of action based on various grounds set forth in CPLR 3211, and Supreme Court converted the motion to one for summary judgment pursuant to CPLR 3211 (c). Plaintiff then cross-moved for, inter alia, partial summary judgment on the issue of defendants' liability under various claims asserted in the amended complaint. The court granted in part and denied in part both the motion and the cross-motion. Defendants appeal, and plaintiff cross-appeals. We now modify.
With respect to their appeal, we agree with defendants that the court erred in denying [*2]their motion insofar as it sought summary judgment dismissing the first through twelfth and the nineteenth causes of action as asserted by plaintiff individually, and we therefore modify the order accordingly. " 'It is axiomatic that a shareholder has no individual cause of action to recover damages for a wrong against a corporation, even if that shareholder loses the value of [their] investment or incurs personal liability in an effort to maintain the solvency of the corporation' " (Davis v Magavern, 237 AD2d 902, 902 [4th Dept 1997]). "[A]llegations of mismanagement or diversion of assets by officers or directors to their own enrichment, without more, plead a wrong to the corporation only, for which a shareholder may sue derivatively but not individually" (Abrams v Donati, 66 NY2d 951, 953 [1985], rearg denied 67 NY2d 758 [1986]; see Jobson v Progno, 100 AD3d 1407, 1407-1408 [4th Dept 2012]). Here, we conclude that "none of the [aforementioned] causes of action arise from an independent duty owed to [plaintiff] individually, unrelated to [her] status as a shareholder" (Albany-Plattsburgh United Corp. v Bell, 307 AD2d 416, 420 [3d Dept 2003], lv dismissed in part & denied in part 1 NY3d 620 [2004]; see Jobson, 100 AD3d at 1408). For the same reason, we agree with defendants that the court should have granted the motion with respect to those causes of action to the extent that the amended complaint asserted that the estate had a right to individual relief (see generally Abrams, 66 NY2d at 954), and we therefore further modify the order accordingly.
We nonetheless reject defendants' contention that plaintiff lacks standing to maintain a derivative action as a shareholder of ROHM. As relevant here, Business Corporation Law § 626 (b) "imposes upon the plaintiff in a derivative action a dual requirement as to the ownership of stock: 'it shall be made to appear that the plaintiff is . . . [a shareholder] at the time of bringing the action and . . . at the time of the transaction of which [the plaintiff] complains' " (Independent Inv. Protective League v Time, Inc., 50 NY2d 259, 263 [1980], rearg denied 50 NY2d 1059 [1980]). "Ownership at the time of the alleged wrong, known as the contemporaneous ownership doctrine, . . . was adopted by State courts and Legislatures 'to prevent litigious persons from buying stock for the purpose of bringing suit as to alleged past mismanagement' " (id.). "Because it seeks to foster public policy by inhibiting speculation in litigation, the contemporaneous ownership rule must, as a general matter, be rigorously enforced" (id.). The statute nevertheless provides a limited exception to that rule in circumstances where the shares "devolved upon [the plaintiff] by operation of law" (§ 626 [b]; see Pessin v Chris-Craft Indus., 181 AD2d 66, 70 [1st Dept 1992]).
Here, it is undisputed that plaintiff was a shareholder of ROHM at the time she brought the action (see Business Corporation Law § 626 [b]). Plaintiff, however, was not a shareholder of ROHM at the time of the transactions of which she complains. The sole shareholder of ROHM during the relevant period was a marital trust created by the will of plaintiff's and defendant's father for the benefit of decedent, who was their mother, and plaintiff did not receive her shares of ROHM until the principal in the marital trust was distributed to plaintiff and defendant pursuant to the terms of the will following decedent's subsequent death (cf. id.). We nonetheless agree with plaintiff that the limited exception to the contemporaneous ownership rule applies here because shares "acquired through a will or intestacy . . . devolve by operation of law" (Pessin, 181 AD2d at 71; see § 626 [b]). Contrary to defendants' related contention, we conclude that plaintiff set forth with particularity in the amended complaint that a prelitigation demand for initiation of an action would have been futile (see § 626 [c]; Lizard O's, Inc. v Baha Lounge Corp., 214 AD3d 597, 599 [1st Dept 2023]; Miller v Kastner, 100 AD2d 728, 728 [4th Dept 1984]; see generally Bansbach v Zinn, 1 NY3d 1, 8-9, 11-12 [2003], rearg denied 1 NY3d 593 [2004]).
We further agree with defendants, however, that plaintiff lacks standing to maintain a derivative action as executor of the estate. At the time the action was commenced, the estate was neither a holder of ROHM shares nor a holder of a beneficial interest therein (see Business Corporation Law § 626 [a], [b]; Sakow v Waldman, 155 AD3d 1078, 1080 [2d Dept 2017]). We therefore further modify the order accordingly.
With respect to defendants' contentions challenging the viability of the causes of action in the amended complaint, we conclude that the court properly denied defendants' motion with respect to the first through twelfth and the nineteenth causes of action, as asserted by plaintiff derivatively as a shareholder of ROHM, inasmuch as defendants failed to meet their initial burden of establishing their entitlement to judgment as a matter of law dismissing those causes of action (see CPLR 3212 [b]; see e.g. Taylor v Wynkoop, 132 AD3d 843, 845-846 [2d Dept 2015]; [*3]Mobarak v Mowad, 117 AD3d 998, 1000-1001 [2d Dept 2014]). We nonetheless agree with defendants' further contention, which they adequately raised in their motion papers and accompanying memorandum of law, that they are entitled to summary judgment dismissing the twentieth cause of action, for breach of an implied covenant of good faith and fair dealing. We therefore further modify the order accordingly. Defendants met their initial burden of establishing entitlement to judgment as a matter of law on that cause of action, and plaintiff failed to raise a triable issue of fact that defendants breached an implied covenant of good faith and fair dealing arising from an agreement between plaintiff and defendant (see Victor G. v North Syracuse Cent. Sch. Dist., 158 AD3d 1287, 1288-1289 [4th Dept 2018], lv denied 32 NY3d 904 [2018]).
We also agree with defendants on their appeal that, to the extent that the amended complaint asserts an excessive compensation claim against defendant, the court erred in granting plaintiff's cross-motion insofar as it sought partial summary judgment on that claim because there are unresolved questions of fact on this record regarding that issue (see generally Feldmeier v Feldmeier Equip., Inc., 164 AD3d 1093, 1100 [4th Dept 2018]). In addition, we agree with defendants that the court erred in granting the cross-motion insofar as it sought partial summary judgment on the claim that defendants underpaid for ROHM's assets inasmuch as triable issues of fact remain in that regard (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Moreover, although the court properly determined that plaintiff established entitlement to partial summary judgment on the issue of liability under the fourth cause of action, for disgorgement of compensation under the faithless servant doctrine (see Barasch & McGarry, PC v Marcowitz, 219 AD3d 1242, 1242-1243 [1st Dept 2023], lv dismissed 41 NY3d 996 [2024]), we conclude that the court erred in determining that compensation should be disgorged for the time period from 2017 through 2019. "While a faithless agent forfeits [the] right to compensation, such forfeiture is limited 'to compensation paid during the time period of disloyalty' " (X-Med, Inc. v Western N.Y. Spine, Inc., 74 AD3d 1708, 1711 [4th Dept 2010]), and plaintiff alleged here that the scheme began in late 2019. On the aforementioned bases, we further modify the order accordingly.
Next, we agree with plaintiff on her cross-appeal that the court erred in granting that part of defendants' motion seeking summary judgment dismissing the claims, as asserted by plaintiff derivatively as a shareholder of ROHM, that defendant breached his fiduciary duty to ROHM by undercharging for its services because there are triable issues of fact in that regard (see Zuckerman, 49 NY2d at 562). We therefore additionally modify the order accordingly.
Finally, we have considered the parties' remaining contentions and conclude that none warrants reversal or further modification of the order.
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court